THE STATE, EX REL. ERIE COUNTY DEMOCRATIC EXECUTIVE COMMITTEE, *v.* BROWN, SECY. OF STATE, ET AL.

(No. 39859—Decided April 27, 1966.)

*Messrs. Murray & Murray,* for relator.
*Mr. William B. Saxbe,* attorney general, *Mr. Charles S. Lopeman* and *Mr. Geo. C. Steinemann,* prosecuting attorney, for respondents.

*Per Curiam.* This is an action in prohibition originating in this court.

In this action, relator seeks to prevent the respondent judge from taking any further action in a case filed by one James Legando against the Erie County Democratic Executive

Committee and the Erie County Democratic Central Committee seeking a declaratory judgment and an injunction. The case is before the court on a demurrer to the petition. It is agreed that the demurrer will be dispositive; and oral argument has been waived.

The basic facts are that, under the rules and regulations of the central committee, the central committee consists of the various precinct committeemen regularly elected or appointed; that one George Mattey was the chairman of both the executive committee and the central committee; that, on June 4, 1965, the precinct committeeman for precinct E of the city of Huron resigned; that, on June 8, 1965, Mattey, who was precinct committeeman for precinct F, resigned that post because he was taking up residence in precinct E and he appointed himself as precinct committeeman in precinct E; that this action was approved by the executive committee; that Mattey continued to act as chairman; that, on October 8, 1965, the executive committee recommended Mattey for appointment to the Erie County Board of Elections to fill a vacancy on such board; and that the resolution recommending Mattey for the appointment was sent to the Secretary of State.

Legando, who is not a member of the committee, then instituted an action in the Court of Common Pleas for a declaratory judgment and injunction. In such action, Legando alleges that, when Mattey resigned as precinct committeeman of precinct F, the post of chairman became vacant. Under the rules and regulations of the committee the vice-chairman becomes chairman when there is a vacancy in the position and is entitled to be recommended for appointment to the board of elections. He alleges also that Mattey has continued to act illegally as chairman, and that all the actions of the committee since June 8, 1965, are illegal. A temporary injunction was issued by the Court of Common Pleas.

Relator contends that the Court of Common Pleas lacks jurisdiction in this matter because the questions presented are political ones and concern the internal workings of a political party.

Respondent Judge Bozarth has demurred to the petition on the grounds that it does not state facts which show a cause

138

of action for a writ of prohibition, and that relator has an adequate remedy in the ordinary course of the law.

There is no question that under the provisions of Sections 2721.02 and 2721.03, Revised Code, the Court of Common Pleas has jurisdiction in a declaratory judgment action to determine rights or legal relations affected by a statute or regulations and to hear and decide declaratory judgment actions and to issue injunctions. If in any given case the court errs in the use of such power there is an adequate remedy by appeal.

It is basic under our procedure that a court of general jurisdiction has the power to determine its jurisdiction in the first instance, and that prohibition cannot be used as a short-cut appeal to question this jurisdiction. *State, ex rel. Miller,* v. *Court of Common Pleas of Lake County* (1949), 151 Ohio St. 397, 86 N. E. 2d 464; *State, ex rel. Winnefeld,* v. *Court of Common Pleas of Butler County* (1953), 159 Ohio St. 225, 112 N. E. 2d 27; *State, ex rel. Rhodes, Aud.,* v. *Solether, Judge* (1955), 162 Ohio St. 559, 124 N. E. 2d 411.

The demurrer of respondent is sustained.

*Writ denied.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.