BRINKLEY, APPELLANT, *v.* SINGLETON ET AL., APPELLEES.

(No. 11789 — Decided February 13, 1985.)

*William P. Holder, Jr.,* for appellant.

*James R. Graves,* for appellee.

GEORGE, J. The plaintiff-appellant, Bob Brinkley, appeals the judgment of the trial court dismissing his complaint. This court reverses that judgment.

Brinkley is a part-time police officer for the city of Fairlawn. He passed the city's civil service promotional exam for a position as a full-time police officer. Brinkley's name was placed on a police officer's eligibility list. He was subsequently selected by the chairman of the civil service commission to be appointed to a full-time position. However, Brinkley was never appointed to this position.

Brinkley filed a declaratory judgment action against the city of Fairlawn seeking to have the trial court declare the civil service promotion list valid and to issue a writ of mandamus ordering the Mayor of the city of Fairlawn to certify Brinkley as a full-time police officer. The city filed a motion to dismiss the complaint. The trial court granted this motion, finding that the court lacked subject matter jurisdiction over this complaint. Brinkley appeals raising the following assignment of error:

"The trial court erred as a matter of law in sustaining defendants' motion to dismiss on the grounds that the court lacked jurisdiction over the subject matter of the action."

Under the Declaratory Judgment Act, R.C. Chapter 2721, subject matter jurisdiction is provided in R.C. 2721.02 as follows:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *"

In this case, Brinkley alleged that the civil service commission, the mayor, and other city officials have wrongfully refused to appoint him to a position for which he was qualified. Brinkley further argues the city was obligated to elevate him to full-time status as a police officer. In essence, Brinkley sought an order from the court setting forth his rights, status, and other legal relationships between himself and the city of Fairlawn. Clearly, the trial court has jurisdiction under R.C. Chapter 2721 to make such a determination. See, generally, *State, ex rel. Erie County Democratic Executive Comm.,* v. *Brown* (1966), 6 Ohio St. 2d 136, 138 [35 O.O.2d 154].

Accordingly, this assignment of error is well-taken. The judgment of the trial court is reversed and the case is remanded for proceedings consistent with the law and this opinion.

*Judgment reversed and
case remanded.*

QUILLIN, P.J., and HOFSTETTER, J., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment in the Ninth Appellate District.