[Cite as *State ex rel. Maron v. Corrigan*, 2022-Ohio-4406.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. JESSICA MARON,  :

    Relator,  :

                        No. 112130

    v.  :

THE HONORABLE JUDGE
PETER J. CORRIGAN,  :

    Respondent.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** December 5, 2022

---

Writ of Prohibition
Order No. 559809

---

*Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, *for relator*.

EILEEN T. GALLAGHER, J.:

{¶ 1} On November 16, 2022, Jessica Maron, the relator, commenced this action in prohibition against Judge Peter J. Corrigan, the respondent, to prevent the judge from adjudicating the civil action filed in *United Twenty-Fifth Building, L.L.C. v. Maron*, Cuyahoga C.P. No. CV-22-969412 ("*United*"). Maron argues that Judge

Corrigan is without jurisdiction to adjudicate the claims brought in *United* because 1) the real property subject to the civil action in *United* is a marital asset that only the Cuyahoga County Domestic Relations Court can address through a pending divorce action in *Maron v. Maron*, Cuyahoga C.P. No. DR-20-382494 ("*Maron*"); and 2) the jurisdictional-priority rule prevents Judge Corrigan from exercising any jurisdiction in *United* since jurisdiction was first invoked in *Maron*. Specifically, Maron argues that Judge Corrigan patently and unambiguously lacks jurisdiction to proceed in *United*. We decline to issue a writ of prohibition on behalf of Maron.

## I. Facts

{¶ 2} The following facts are gleaned from the complaint for prohibition and the complaint filed in *United*.[1] On September 1, 2020, a complaint for divorce was filed by Maron's husband, Ari Maron, that invoked the jurisdiction of the Cuyahoga County Domestic Relations Court pursuant to R.C. 2301.03. The divorce proceedings including the division of marital assets, remain pending.

{¶ 3} On September 29, 2022, a complaint for declaratory judgment was filed in the Cuyahoga County Court of Common Pleas in *United*, by United Twenty-fifth Building, L.L.C. ("United 25th"), against Maron and involved real property located at 2104 West 25th Street, Cleveland, Ohio, based upon the general allegation that

---

[1] An appellate court is permitted to take judicial notice of publicly accessible online court dockets. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E3d. 516; *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208.

Maron violated the terms of a recorded Declaration of Easement ("easement") that resulted in Maron's "intentional interference and invasion of [owner's] right to possess, peacefully enjoy, operate, and use" the West 25th Street property. The West 25th Street real property is allegedly a marital asset subject to division by the Cuyahoga County Domestic Relations Court in *Maron*.

{¶ 4} The complaint in *United* raises the following claims: declaratory judgment, preliminary injunction, tortious interference with contract, breach of contract, and trespass. Specifically, the facts alleged through each separate count in *United* are:

> 1) the real property located at West 25th Street consists of five floors that have been subdivided into five separate parcels: parcel A1 – first floor lease area; parcel A2 – second floor lease area; parcel B1 – residential living area; parcel B2 – elevator, lobby, and stairwell; and parcel B3 – residential parking area;
>
> 2) United 25th is the owner of the A1 first-floor lease and the A2 second floor lease;
>
> 3) Maron is the sole occupant and user of the B1 — residential living area, the B2 — elevator, lobby, and stairwell, and B3 — residential parking area;
>
> 4) there exists an easement for the West 25th Street building that collectively benefits and burdens each parcel owner and grants limited rights of access to each other's parcels to allow for the operation, maintenance, repair, and replacement of utilities and other services;
>
> 5) October 12, 2021, United 25th entered into a retail lease with Hot Hot Chicken, L.L.C., to operate a restaurant in the A1 – first-floor lease area;
>
> 6) July 21, 2022, United 25th entered into an agreement with a contractor to make improvements to facilitate the occupancy and

operation of the Hot Hot Chicken restaurant in the A1 – first floor lease area;

7) August 31, 2022, September 14, 2022, and September 15, 2022, United 25th provided Maron with advance notice of the need to access all levels of the West 25th Street property for the purpose of repairing, replacing, or maintaining the sprinkler system and other utilities; and

8) Maron has not permitted access, by the contractor, to any area that she physically controls as required by the easement.

## II. Legal Analysis

{¶ 5} The principles governing prohibition are well established. Prohibition requires that the relator demonstrate (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there exists no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. The writ will not issue to prevent an erroneous judgment to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the

availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction possesses an adequate remedy at law through an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Loc. School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶ 6} Herein, we do not find that Judge Corrigan is patently and unambiguously without jurisdiction to preside over the claims of a declaratory judgment, injunctive relief, tortious interference with contract, breach of contract, and trespass. Jurisdiction refers to the statutory or constitutional power of a court to adjudicate a particular class or type of case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. A court's jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040.

{¶ 7} Article IV, Section 4(A) of the Ohio Constitution provides that "[t]here shall be a court of common pleas and such divisions thereof as may be established by law serving each county of the state," and Article IV, Section 4(B), provides that

"[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." The Ohio Supreme Court has interpreted Article IV to mandate that the courts of common pleas have jurisdiction "as may be provided by law" to mean that "[t]he general subject matter jurisdiction of Ohio courts of common pleas is defined entirely by statute." *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 7; *State v. Wilson*, 73 Ohio St.3d 40, 42, 652 N.E.2d 196 (1995). Also, the General Assembly has given the courts of common pleas general subject-matter jurisdiction over "all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." R.C. 2305.01.

{¶ 8} In addition, the General Assembly has exercised its power to define the subject-matter jurisdiction of the common pleas courts by enacting R.C. Chapter 2721, the Declaratory Judgment Act. R.C. 2721.02(A) provides that "any person interested under a deed, will, written contract, or other writing constituting a contract * * * may have determined any question of construction or validity arising under the instrument * * * and obtain a declaration of rights, status, or other legal relations under it." R.C. 2721.03. R.C. Chapter 2727 authorizes the same common pleas courts to grant injunctions and temporary restraining orders in the cases before it. R.C. 2727.02; 2727.03; *State ex rel. CNG Fin. Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, 855 N.E.2d 473, ¶ 15 (the common pleas court has "basic statutory jurisdiction over actions for injunction and declaratory judgment");

*State ex rel. Erie Cty. Democratic Executive Commt. v. Brown*, 6 Ohio St.2d 136, 138, 216 N.E.2d 369 (1966); *Apel v. Katz*, 83 Ohio St.3d 11, 697 N.E.2d 600 (1998) (reversing court of appeals' judgment in action for declaratory judgment interpreting the scope of an easement).

{¶ 9} Clearly, Judge Corrigan possesses the general subject-matter jurisdiction over declaratory judgment, preliminary injunction, and claims for tortious interference of contract, breach of contract, and trespass. *State ex rel. Gray v. Kimbler*, Slip Opinion No. 2022-Ohio-3937.

{¶ 10} Finally, we find that the jurisdictional-priority rule is not applicable to prevent Judge Corrigan from adjudicating the claims raised in *United*. The jurisdictional-priority rule provides that between two courts of concurrent jurisdiction, the court whose power is first invoked acquires jurisdiction, to the exclusion of all other courts. *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450; *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279, 364 N.E.2d 33 (1977). The jurisdictional-priority rule must be applied when the causes of action between two cases are the same, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second case from going forward. *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson*, 157 Ohio St.3d 20, 2019-Ohio-2011, 131 N.E.3d 20; *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 751 N.E.2d 472 (2001).

{¶ 11} Herein, the divorce action and the declaratory judgment action do not involve the same cause of action. *Maron* concerns a divorce action with the required

division of marital assets, alimony, child support, and visitation rights. *United*, as pending before Judge Corrigan, ultimately concerns the declaration of the rights and duties of United 25th and Maron based upon the application of an easement to the West 25th real property. The two cases do not involve the exact same parties and do not raise the exact same legal claims or involve resolution of the exact same issues. *John Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas*, 150 Ohio St. 349, 82 N.E.2d 730 (1948). Because the divorce action and the civil action do not run afoul of the jurisdictional-priority rule, Judge Corrigan is not patently and unambiguously without jurisdiction to adjudicate the claims brought in *United*. In addition, Judge Corrigan can determine his own jurisdiction and Maron possesses an adequate remedy in the ordinary course of law through a direct appeal. *State ex rel. Jones v. Paschke*, 168 Ohio St.3d 93, 2022-Ohio-2427, 195 N.E.3d 1031; *State ex rel. Dailey v. Dawson*, 149 Ohio St.3d 685, 2017-Ohio-1350, 77 N.E.3d 937.

{¶ 12} Accordingly, we deny Maron's request for a writ of prohibition. Costs to Maron. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R.58(B).

{¶ 13} Writ denied.

_____
EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, A.J., CONCURS;
MARY EILEEN KILBANE, J., DISSENTS (WITH SEPARATE ATTACHED OPINION)

MARY EILEEN KILBANE, J., DISSENTING:

{¶ 14} I respectfully dissent and would find that the jurisdictional priority rule would apply.