[Cite as *State v. Crawford*, 2024-Ohio-582.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :

                                           No. 112787
    v.                               :

BRIAN CRAWFORD,                          :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 15, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-673335-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Danielle Muster, Assistant Prosecuting Attorney, *for appellee.*

Brian A. Smith Law Firm LLC and Brian A. Smith, *for appellant.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1}  Defendant-appellant, Brian Crawford, appeals from the trial court's judgment entry of conviction that ordered him to pay restitution to the victim and failed to award him full jail-time credit.  For the reasons that follow, this court

reverses and remands for the trial court to vacate the award of restitution and recalculate the amount of jail-time credit.

{¶ 2} In August 2022, Crawford was named in a three-count indictment charging him with aggravated burglary, a violation of R.C. 2911.11(A)(1), a felony of the first degree (Count 1); felonious assault, a violation of R.C. 2903.11(A)(1), a felony of the second degree (Count 2); and domestic violence, a violation of R.C. 2919.25(A), a first-degree misdemeanor (Count 3). Notice of prior conviction and a repeat violent offender ("RVO") specification attached to both Counts 1 and 2. The charges arose from an incident where Crawford forcibly broke into a family or household member's home, demanded property, and then assaulted the individual, breaking the victim's nose.

{¶ 3} In October and November 2022, Crawford rejected plea offers that included mandatory jail time and an agreement to pay an undetermined amount of restitution. In December, Crawford expressed dissatisfaction with his attorney and as a result, the trial court appointed new counsel. During this pretrial, Crawford told the court that he was willing to accept a plea agreement with the state, but he did not "want the felony two. They have to get rid of the felony two." (Tr. 51.)

{¶ 4} On May 15, 2023, Crawford's case was scheduled for a jury trial. Prior to the start of trial, the parties advised the court that they had reached a plea agreement. The state agreed to amend Count 1 to burglary, a violation of R.C. 2911.12(A)(3), a felony of the third degree, and delete the notice of prior conviction and RVO specification, and dismiss Count 2, felonious assault. In exchange, the

state required that Crawford (1) plead guilty to amended Count 1, (2) plead guilty to Count 3 as originally charged, (3) have no contact with the victim, (4) pay restitution to the victim in an amount to be determined, and (5) serve a prison sentence as determined by the court.

{¶ 5} Crawford stated that he had no questions about the plea agreement, understood the agreement, and wished to accept the plea agreement. (Tr. 59.) Specific to restitution, the trial court advised Crawford,

> [i]t would further be a condition of this plea you would pay restitution that is compensation for any property damage or injury caused, and that would be in an amount to be determined. Do you understand? * * * You heard me ask the prosecution if they had an estimate as to how much would be owed. They did not. It could be several thousands, if not more. Do you understand?

(Tr. 62.) Crawford stated that he understood this condition and that the amount was unknown at the time, but still wished to accept the plea as offered. (Tr. 62-63.)

{¶ 6} The trial court then engaged in a thorough and complete plea colloquy with Crawford, which the parties agreed was in full compliance with Crim.R. 11. Crawford pleaded guilty to amended Count 1, attempted burglary, and Count 3, domestic violence, as charged. Defense counsel advised the trial court that Crawford waived obtaining a presentence-investigative report and wished to proceed directly to sentencing. The trial court expressed concern that the state had yet to establish the amount of restitution, and thus, it felt the better approach would be to continue the matter for sentencing.

**{¶ 7}** On May 23, 2023, Crawford appeared for sentencing, and his counsel provided mitigating information and witnesses. The state offered information about Crawford's criminal history, including that Crawford was on community-control sanctions when he committed the offenses. The victim also provided a statement to the court explaining that Crawford broke into her home in the middle of the night, demanded property, and then broke her nose prior to fleeing from her residence. She stated that he also vandalized her car that evening. The state indicated that the victim was seeking $1,000 in restitution, which was the insurance deductible for the damage to her car.

**{¶ 8}** Crawford objected to the restitution amount, contending that the damage to the victim's car was not part of the offenses that he pleaded guilty to and thus, the requested restitution amount was improper. The trial court disagreed, stating:

> I'm not persuaded by the defense argument. The statement of the victim was the car was damaged in the immediate vicinity of the offenses at issue here, burglary and domestic violence, and it sounds like, to me, within moments of the commission of the offense at issue. Accordingly, I believe the imposition of an order of restitution is lawful, appropriate, and in the interest of justice, and it will be so ordered.

(Tr. 97-98.) In addition to restitution, the trial court ordered Crawford to serve 30 months in prison on Count 1 and suspended a six-month sentence on Count 3. Of the 287 days of jail-time credit requested, the court only awarded Crawford 180 days.

**{¶ 9}** This appeal followed.

## I.  Restitution

{¶ 10}  In his first assignment of error, Crawford contends that the trial court abused its discretion and violated R.C. 2929.18(A)(1) in imposing restitution of $1,000 where the restitution amount exceeded the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offenses.  Specifically, he contends that because his convictions for attempted burglary and domestic violence did not involve damage to the victim's vehicle, awarding $1,000 in restitution to cover the car insurance deductible was improper. We agree.

{¶ 11}  This court will not reverse a trial court's decision awarding restitution absent an abuse of discretion. *State v. McDonald*, 8th Dist. Cuyahoga No. 95651, 2011-Ohio-1964, ¶ 14.  An abuse of discretion occurs when "a court exercise[s] its judgment, in an unwarranted way[.]"  *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.  However, "a court does not have discretion to misapply the law."  *Id.* at ¶ 38 (courts apply a de novo standard when reviewing an issue of law).

{¶ 12}  R.C. 2929.18(A)(1) provides the statutory mechanism for ordering restitution in felony cases, allowing a court to impose financial sanctions on a criminal offender that includes "restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss."  The ordered amount, however, "shall not exceed the amount of the economic loss

suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.18(A)(1).

{¶ 13} The enactment of Marsy's Law did not change the statutory mechanism for awarding restitution. "Marsy's Law provides victims with the right 'to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim.'" *State v. Yerkey*, 171 Ohio St.3d 367, 2022-Ohio-4298, 218 N.E.3d 749, ¶ 12, quoting Article I, Section 10a(A)(7), Ohio Constitution. In *Yerkey*, the Ohio Supreme Court clarified that "no portion of Marsy's Law 'conflicts' with the restitution statutes such that they are 'supersede[d].'" *Id.* Accordingly, Ohio courts continue "to determine the amount of restitution based on the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." *Id.* at ¶ 13.

{¶ 14} A defendant who agrees to pay restitution as part of a plea agreement can waive his right to challenge on appeal the amount of restitution. *See generally State v. Waiters*, 191 Ohio App.3d 720, 2010-Ohio-5764, 947 N.E.2d 710 (8th Dist.). The restitution amount, however, must still be supported by competent and credible evidence and reasonably related to the actual amount of damages or economic loss suffered. *Id.* at ¶ 20-21; *see also State v. Rox*, 8th Dist. Cuyahoga No. 98838, 2013-Ohio-2529 (upholding trial court's decision refusing to award restitution despite the fact that restitution was part of the plea agreement because the state failed to present any evidence to support the award of restitution until after the trial court announced the sentence). Moreover, the amount of restitution is generally limited to the

offenses for which a defendant is convicted. *State v. Rohrbaugh*, 191 Ohio App.3d 117, 2010-Ohio-6375, 944 N.E.2d 1230 (3d Dist.); *see also State v. Williams*, 3d Dist. Logan No. 8-03-25, 2004-Ohio-2801, ¶23 ("As a matter of law, an offender cannot be ordered to pay restitution for damage arising from a crime of which he was not convicted.").

{¶ 15} Therefore, unless the defendant stipulates to the restitution amount or the defendant agreed to restitution related to uncharged or dismissed offenses as part of the plea deal, the award must be supported by competent and credible evidence that the amount is a direct and proximate result of the commission of the offense for which a defendant was convicted, and cannot exceed the actual economic loss suffered. *See State v. Fitz*, 8th Dist. Cuyahoga No. 109270, 2021-Ohio-1497, ¶ 16 (restitution upheld on economic loss related to dismissed charges because defendant agreed to pay restitution as part of his negotiated plea and defendant did not object at sentencing); *State v. Welch*, 8th Dist. Cuyahoga No. 105158, 2017-Ohio-7887, ¶ 29; (award of restitution upheld even though the amount exceeded the property value because defendant agreed to the amount); *State v. Strickland*, 10th Dist. Franklin No. 08AP-164, 2008-Ohio-5968, ¶ 12 (award of restitution relating to dismissed charges upheld because defendant agreed to pay restitution relating to that offense as part of his negotiated plea agreement).

{¶ 16} In *State v. McDonald*, 8th Dist. Cuyahoga No. 95651, 2011-Ohio-1964, this court concluded that restitution could not be ordered for economic loss related to dismissed offenses unless it was part of the agreement. The trial court

ordered the defendant to pay restitution for a broken door even though the state dismissed the criminal damaging offense as part of the plea deal. This court reversed, finding that a "trial court abuses its discretion when it orders restitution in an amount that has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the defendant's offense for which he was convicted." *Id*. at ¶ 18.

{¶ 17} Similarly, in *State v. Weimert*, 3d Dist. Auglaize No. 2-10-35, 2011-Ohio-2846, the court determined that the trial court erred in ordering restitution for economic loss related to unindicted offenses. The written plea agreement provided that the defendant agreed to pay restitution relating to "all counts in the indictment." When the state presented its request for restitution, it included amounts unrelated to the indicted charges. The *Weimert* Court noted that although there may have been some suggestion that the defendant would pay restitution for the unindicted offenses, that condition was not part of the written plea agreement and thus, the court found the trial court erred in ordering restitution for economic loss related to the unindicted offenses when the written contract did not indicate an agreement to pay them. *Id*. at ¶ 6.

{¶ 18} In this case, Crawford agreed to pay the victim restitution as part of his plea agreement. He made this agreement even without knowing the amount requested — "it could be several thousands, maybe more." (Tr. 62.) Crawford objected during sentencing, however, when the state requested $1,000 in restitution for the damage he allegedly caused to the victim's vehicle. Because Crawford was

not convicted of, let alone charged with, any offense that involved damaging the victim's vehicle, it was error for the trial court to order Crawford to pay restitution to cover the car insurance deductible. Accordingly, the trial court erred in ordering Crawford to pay restitution that was not a direct and proximate result of the commission of the offense for which he was convicted and thus, exceeded the actual economic loss suffered. The assignment of error is sustained.

## II. Jail-Time Credit

{¶ 19} During sentencing, defense counsel advised the trial court that Crawford had been in jail for 287 days. The state did not dispute the number of jail days, but questioned whether the court should reduce the jail-time credit by 180 days due to the probation violation. Counsel responded that the "nature of the parole violation was specifically for picking up this new case" and thus, requested that the full amount of jail-time credit be awarded, but "[a]t a minimum, he would be entitled to 180 days that he served in the Cuyahoga County jail on this case." (Tr. 98-99.) The court awarded Crawford 180 days of jail-time credit. In his second assignment of error, Crawford contends that the trial court failed to credit him with an additional 107 days of jail-time credit.

{¶ 20} R.C. 2967.191(A) mandates that prison terms shall be reduced pursuant to related days of confinement.

> The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while

awaiting transportation to the place where the prisoner is to serve the prisoner's prison term[.]

Trial courts are required, during sentencing, to notify the defendant of the total days that his prison sentence shall be credited based on the days already confined arising out of the offense for which the defendant is being sentenced. R.C. 2929.19(B)(2)(g)(i).

{¶ 21} This court has concluded that R.C. 2967.191 therefore precludes "jail-time credit for any period of incarceration that arose from facts which are separate and apart from those on which his current sentence is based." *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 41, citing *State v. DeMarco*, 8th Dist. Cuyahoga No. 96605, 2011-Ohio-5187, ¶ 10. Accordingly, a defendant is not entitled to jail-time credit when the defendant is imprisoned as a result of another "unrelated offense even if that time served runs concurrently during the pre-detention phase of another matter." *Maddox* at *id.*, citing *State v. McWilliams*, 126 Ohio App.3d 398, 399, 710 N.E.2d 729 (2d Dist.1998); *State v. Cook*, 7th Dist. Mahoning No. 00 CA 184, 2002-Ohio-7170, ¶ 17. In *DeMarco*, this court affirmed the trial court's decision not to award the defendant jail-time credit because the defendant had been confined simultaneously for violating the terms of his community control from an unrelated case and for the new case charging him with domestic violence. *DeMarco* at ¶ 11.

{¶ 22} Accordingly, we must determine whether Crawford was in pretrial detention solely on the current case for the entirety of the 287 days. We find that he was not, and in fact, posted bond in the current case prior to sentencing.

{¶ 23} In April 2021, Crawford pleaded guilty in Cuyahoga C.P. No. CR-20-653997 to one count of burglary and assault ("the probation case"). He was sentenced to five years of community-control sanctions with conditions including, but not limited to, regular reporting, drug testing, drug assessment, completing out-patient treatment, anger management, completing 200 hours of community work service and obtaining a GED by April 7, 2022.[1]

{¶ 24} On August 15, 2022, the trial court issued the following order in the probation case:

> Court is in receipt of a probation department status report dated 08-04-22. Defendant has been non-compliant with conditions of probation. Defendant has an active warrant for burglary and domestic violence from Parma Police Department. A capias is hereby issued for defendant, Brian Crawford.

{¶ 25} On September 27, 2022, the court conducted a compliance hearing. The court noted that the defendant "has done relatively well on probation, but was twice terminated from anger management program, and has picked up a new case * * * with three felony charges. Defendant is already subject to an APA hold. No action taken on defendant's probation status at this time, at defendant's request. Defendant shall remain in custody until further order of the court." On January 3, 2023, the trial court issued a journal entry "lifting the hold" in the probation case and ordering Crawford "released."

---

[1] An appellate court is permitted to take judicial notice of publicly accessible online court dockets. *State ex rel. Maron v. Corrigan*, 2022-Ohio-4406, 203 N.E.3d 52, ¶ 2 (8th Dist.), *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.3d. 516; *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208.

{¶ 26} In this current case, the trial court issued a journal entry on November 22, 2022, ordering that "any holds now pending against defendant other than his APA hold are hereby lifted." The docket reflects that on January 24, 2023, after the probation hold was lifted, Crawford posted bond in the current case. However, on May 9, 2023, prior to Crawford accepting the plea in the current case, he sent correspondence from his address at the Lorain Correctional Institution ("LCI").

{¶ 27} Based on the record before this court and taking judicial notice of the trial court's online docket regarding Crawford's probation case, we find that Crawford was not incarcerated solely on the current case for the entirety of the 287 days requested. From our review, it appears that the court possibly awarded Crawford more credit than he was due, but we are unable to modify the amount of jail-time credit because the record does not conclusively show when another supervising authority detained Crawford in pretrial custody, or when he was "released" after posting bond in the current case.

{¶ 28} Accordingly, we reverse the trial court's imposition of jail-time credit and remand for a recalculation. Crawford is not entitled to any credit for days where he was being held on both the probation violation and the current case, including time spent at LCI, and any time after he posted bond in this case. The assignment of error is sustained.

{¶ 29} Judgment reversed and remanded to vacate the award of restitution and to recalculate the amount of jail-time credit.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR