[Cite as *Duetsche Bank v. Talliere*, 2024-Ohio-829.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DEUTSCHE BANK NATIONAL : 
TRUST COMPANY,

      Plaintiff-Appellee, :

                                No. 113002

      v. :

KATHLEEN TALLIERE, :

      Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 7, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-917195

---

### *Appearances:*

Dinsmore & Shohl LLP, Shannon O'Connell Egan, and Nathan H. Blaske, *for appellee.*

Law Office of Grace M. Doberdruk and Grace M. Doberdruk, *for appellant.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, Kathleen Talliere ("Talliere"), appeals from the trial court's judgment denying her Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, we affirm.

## I. Procedural Background

{¶ 2} In 2019, Deutsche Bank National Trust Company, as Trustee for the Certificateholders of the Soundview Home Loan Trust 2005-DO1 Asset Backed Certificates, Series 2005-DO1 ("DBNTC"), the holder of a February 2005 promissory note and assignee of a mortgage executed by Talliere, filed an inrem foreclosure action to enforce the mortgage because of default.

{¶ 3} Relevant to this appeal, Talliere filed an answer and counterclaim to DBNTC's complaint for foreclosure. She specifically denied that the note attached to the complaint was a true and correct copy of the note she executed, the note was transferred to DBNTC, and DBNTC was entitled to enforce the note. Additionally, she asserted several affirmative defenses, including (1) the statute of limitations; (2) DBNTC was not entitled to enforce the original note and did not have possession of the original note; and (3) DBNTC lacked standing to bring the claim and thus, was not entitled to enforce the mortgage.

{¶ 4} In her counterclaim, Talliere set forth several factual and procedural statements supporting her counterclaim that DBNTC engaged in frivolous conduct in pursuing the foreclosure action. Specifically, she mentioned DBNTC's prior foreclosure action against her ("2006 foreclosure") and referenced the note filed in that foreclosure and the note filed in the current foreclosure — contending that the assignment of mortgage to DBNTC was invalid and thus, DBNTC did not have a valid interest in Talliere's mortgage.

{¶ 5} In 2021, DBNTC moved for summary judgment on its complaint and on Talliere's counterclaims. It argued that it was the assignee of the mortgage and had constructive possession of the note before filing its June 2019 foreclosure complaint. In support of its motion, DBNTC relied on the affidavit of Jean Knowles ("Knowles"), an authorized representative for NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). Shellpoint serviced the mortgage loan for DBNTC. Knowles averred that "DBNTC is the owner of the Mortgage Loan, and it has been in constructive possession of the original note since prior to the filing of the Complaint in this action." (DBNTC's motion for summary judgment, Knowles affidavit, paragraph 7.).

{¶ 6} Relevant to this appeal, Knowles further averred:

> For purposes of this action, and in its capacity as agent and servicer of the Mortgage Loan for DBNTC, Shellpoint obtained the original Note from the document custodian, Bank of America, N.A., on or about July 30, 2019. On July 30, 2019, Shellpoint sent the original Note to its counsel, Keith D. Weiner & Associates. Attached hereto as Exhibits B and C, respectively, are true and accurate copies of the Bailee Letters.

(*Id.* at paragraph 8.) Exhibit B, titled "Bailee Letter Agreement," provided information that Shellpoint obtained the original note from Bank of America, N.A. Relevant to this appeal, the exhibit referenced an "Inv XFER/Issue" date of "05/01/2003."

{¶ 7} Talliere opposed DBNTC's motion for summary judgment, contending that a question of fact remained as to whether DBNTC lacked standing to bring the action because DBNTC did not have possession of the original note

when it filed its complaint. Talliere specifically referenced paragraph 8 of Knowles's affidavit to support her claim that Bank of America, N.A., and not DBNTC, possessed the note on June 2019, when the complaint was filed. She did not raise any issue with the "05/01/2003" date that appeared in exhibit B, the Bailee Letter Agreement.

{¶ 8} Talliere also opposed summary judgment, contending that "various assignments of the mortgage and filings in the prior foreclosure and bankruptcies are conflicting and suspect, and fail to establish an unbroken chain from the original lender to [DBNTC]." She challenged the "mistaken assignment" to another trust under the Deutsche Bank National Trust Company. In this argument, Talliere directed the trial court to take "judicial notice" of the filings in the 2006 foreclosure, and her Chapter 7 and 13 bankruptcies filed in 2006 and 2007 respectively, where, in the bankruptcy proceedings, an allonge to the note existed, but had since disappeared as an exhibit. In support, Talliere attached the 2006 foreclosure complaint, including the attached note and mortgage as well as documentation filed in Talliere's Chapter 13 bankruptcy, including the proof of claim, motion for relief from stay, the agreed order, and the trustees final report.

{¶ 9} Talliere also opposed summary judgment on the grounds that DBNTC failed to establish the correct amount due and the notice of acceleration did not conform with the plain language requirements of the mortgage. Regarding her counterclaim, Talliere simply asserted that based on the "lack of possession of the Note on the day the complaint was filed, and the inconsistences between the allegations and evidence in this action compared to the prior foreclosure and

bankruptcy filings * * * [DBNTC] had no standing to [file the foreclosure action], attempting to take her property in satisfaction of a debt not owed to [DBNTC]." She did not assert that the relevant statute of limitations barred DBNTC's foreclosure action.

{¶ 10} In March 2022, the magistrate issued her decision, finding in DBNTC's favor on both its in rem foreclosure claim and Talliere's counterclaims. The magistrate found that (1) DBNTC had standing and was the holder of the note, which had a blank endorsement when the complaint was filed; (2) DBNTC presented evidence of the chain of assignments from the original mortgagee, MERS Inc., to DBNTC; (3) DBNTC submitted a loan history summary and an affidavit attesting to the amount due under the loan; and (4) Talliere failed to address DBNTC's motion for summary judgment regarding her counterclaims.

{¶ 11} Talliere objected to the magistrate's decision, reiterating the arguments raised in her motion for summary judgment.

{¶ 12} In April 2022, the trial court overruled Talliere's objections, adopted the magistrate's decision, and entered an order of foreclosure. The trial court also dismissed Talliere's counterclaims.

{¶ 13} Talliere appealed to this court, raising as her sole assignment of error that "the trial court erred by accepting the inference without evidence that [DBNTC] had constructive possession of the note on the day the complaint was filed." *Deutsche Bank Natl. Trust Co. v. Talliere*, 2023-Ohio-75, 205 N.E.3d 756, ¶ 8 (8th Dist.) ("*Talliere I*").

**{¶ 14}** On January 12, 2023, this court affirmed the trial court's judgment, finding that DBNTC had standing to bring the foreclosure action. *Id.* at ¶ 23. This court specifically referenced paragraph 8 of Knowles's affidavit and the attached Bailee Letter to support the court's conclusion. This court stated:

> Knowles averred that DBNTC is the owner of the Mortgage and has been in constructive possession of the original Note since prior to the filing of the complaint. (Knowles affidavit ¶ 7.) Knowles further averred that Bank of America had possession of the Note and was DBNTC's document custodian. (Knowles affidavit ¶ 8.) In addition, DBNTC presented evidence of a bailee letter demonstrating that Bank of America was DBNTC's document custodian. Moreover, other than Talliere's allegations, she presented no evidence that Bank of America is not the custodian.

*Id.* at ¶ 22. In footnote 2, this court noted Talliere's argument that "an allonge that was included in her bankruptcy case disappeared from the exhibits for the case." *Id.* at ¶ 22, fn. 2. Accordingly, this court found that "because the note contained a blank endorsement and Bank of America had possession of the note as DBNTC's document custodian, DBNTC had standing to bring this action by constructively possessing the note at the time the complaint was filed." *Id.* at ¶ 23.[1]

**{¶ 15}** On May 5, 2023, the trial court issued a notice of sale, scheduling a sheriff's sale for June 5, 2023. On May 23, 2023, Talliere requested a stay of the sheriff's sale and filed a Civ.R. 60(B) motion. The trial court denied Talliere's request to stay the sale, but stayed the confirmation of sale pending resolution of her motion.

---

[1] Talliere moved for reconsideration of *Talliere I*, which this court denied. She did not appeal to the Ohio Supreme Court.

## II. Talliere's Civ.R. 60(B)(5) Motion

{¶ 16} Talliere moved to vacate the judgment of foreclosure, contending that DBNTC presented contradictory notes to three different courts in three different actions — the 2006 foreclosure case, this 2019 foreclosure case, and her bankruptcy proceedings. She contends that based on *U.S. Bank Natl. Assn. v. Lavelle*, 8th Dist. Cuyahoga No. 101729, 2015-Ohio-1307, it would be inequitable to allow the foreclosure judgment to remain, and relief from judgment is required because neither the trial court nor this court analyzed her case under *Lavelle*.

{¶ 17} Talliere also alleged that DBNTC, through counsel, committed a fraud on the court by presenting false or defective documents in support of its summary judgment motion to obtain a foreclosure judgment. Specifically, she contended that (1) the Bailee Letter contained a false and impossible investor transfer date of 2003 because she did not execute the note until 2005; and (2) the mortgage was sold in 2005 to "Greenwich Capital Finan" a year prior to the 2006 assignment of the mortgage to DBNTC, and thus the assignment to DBNTC was invalid. She claimed that these grounds entitled her relief from judgment and because the foreclosure action is time barred under the applicable statute of limitations, she had a meritorious defense.

{¶ 18} DBNTC opposed Talliere's motion, contending that the arguments raised were barred by res judicata and it was irrelevant whether differing copies of the note were produced because DBNTC produced the original note in the 2019 foreclosure case, which Talliere's counsel inspected during discovery.

{¶ 19} The trial court denied Talliere's motion without conducting a hearing, finding that she "failed to provide a valid basis for relief from judgment under Civ.R. 60(B)."

### III. The Appeal

{¶ 20} Talliere now appeals, raising two assignments of error that both challenge the trial court's denial of her Civ.R. 60(B)(5) motion without conducting a hearing.[2] These assignments of error will be addressed together.

{¶ 21} An appellate court reviews a trial court's judgment regarding a motion for relief from judgment under an abuse-of-discretion standard. *Waszak v. Waszak*, 8th Dist. Cuyahoga No. 101462, 2015-Ohio-2262, ¶ 8, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). A trial court's decision whether to hold a hearing before deciding a Civ.R. 60(B) motion is also discretionary. *In re I.L.J.*, 8th Dist. Cuyahoga No. 108251, 2019-Ohio-5241, ¶ 38. It is an abuse of discretion to deny a hearing "where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 665 N.E.2d 1102 (1996).

{¶ 22} The Ohio Supreme Court has defined "'abuse of discretion' as an 'unreasonable, arbitrary, or unconscionable use of discretion, or as a view or action that no conscientious judge could honestly have taken.'" *State v. Kirkland*, 140 Ohio

---

[2] The trial court granted Talliere's motion to stay the confirmation of sale pending appeal after she posted the requisite bond.

St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23. "'Abuse of discretion' has been described as including a ruling that lacks a 'sound reasoning process.'" *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 23} To prevail on a motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The movant must satisfy all three of these requirements to obtain relief. *Bank of N.Y. v. Elliot*, 8th Dist. Cuyahoga Nos. 97506 and 98179, 2012-Ohio-5285, ¶ 24, citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996); *see also Rose Chevrolet* (a trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet any one of the three requirements).

{¶ 24} Talliere moved to vacate the judgment of foreclosure pursuant to Civ.R. 60(B)(5) — "any other reason justifying relief from the judgment." Courts describe this provision as the "catchall provision," and can provide relief when a judgment is "procured by fraud upon the court by an officer of the court." *Blue Durham Properties v. Krantz*, 8th Dist. Cuyahoga Nos. 107974 and 108167, 2019-

Ohio-4459, ¶ 21.  The Ohio Supreme Court has held, however, that this provision reflects "the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus.  Accordingly, Civ.R. 60(B)(5) is "only to be used in an extraordinary and unusual case when the interest of justice warrants it." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974).

{¶ 25} A Civ.R. 60(B) motion may be subject to the doctrine of res judicata. "[T]he doctrine of res judicata prevents repeated attacks on a final judgment and *applies to all issues that were or might have been litigated.*"  (Emphasis added.) *Blue Durham*, at ¶ 22; citing *Bank of New York v. Jackson*, 8th Dist. Cuyahoga No. 99874, 2013-Ohio-5133, ¶ 10, citing *Rogers v. Whitehall*, 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986).  "Res judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time." *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989, ¶ 3.  Application of res judicata is not proper, however, when the motion is based on different facts, asserts different grounds for relief, and when it is not certain that the issue could have been raised in prior motions. *Coulson v. Coulson*, 5 Ohio St.3d 12, 448 N.E.2d 809 (1983).

{¶ 26} Talliere asserts that res judicata does not preclude her claims because "the defects in [the] exhibits that [DBNTC] used to obtain a judgment were not

discovered until after a decision had been rendered in the first appeal." Reply Brief, p. 1. Whether Talliere discovered any alleged defects in the documentation until after *Talliere I* is not the standard; the standard is whether the information was available and known to Talliere upon which she could have discovered these grounds during the pendency of the matter.

{¶ 27} Based on our review of the entire record, Talliere was well aware of the information upon which she based her Civ.R. 60(B)(5) motion, including (1) the notes that DBNTC produced during the bankruptcy proceeding, the prior 2006 foreclosure action, and this foreclosure action; and (2) Knowles's affidavit with supporting exhibits, including the Bailee Letter. Moreover, none of the documents that Talliere relied upon in support of her Civ.R. 60(B)(5) motion are new or alleged to be newly discovered evidence. Finally, case law that was available to Talliere but that she did not rely on during summary judgment or in her prior appeal does not entitle her to vacate the judgment under Civ.R. 60(B)(5). Accordingly, we find that res judicata bars Talliere's arguments and claim for relief from judgment.

## A. Meritorious Defense

{¶ 28} Talliere contends that she has a meritorious defense or claim if relief is granted because the action is time barred under R.C. 1303.16(B) because she made no payments on the note for a continuous period of ten years. Res judicia bars this assertion because she could have asserted this defense in opposition to DBNTC's motion for summary judgment.

{¶ 29} In her answer to DBNTC's foreclosure complaint, Talliere raised as her twelfth affirmative defense that the relevant "statute of limitations" bars DBNTC's claims. *See* Answer and Counterclaim filed Aug. 26, 2019, page 3, paragraph 40. Additionally, she asserted several counterclaims against DBNTC, including that it was barred from collecting on the note "by operation of R.C. 1303.16." *Id.* page 7, paragraph 24 of Count One.

{¶ 30} In response to DBNTC's motion for summary judgment, which also sought judgment in its favor on Talliere's counterclaim, Talliere did not assert that R.C. 1303.16(B) barred DBNTC's claim. In her objections to the magistrate's decision that also granted summary judgment in favor of DBNTC on Talliere's counterclaims, Talliere reiterated her summary judgment arguments, but nowhere in her objections did she raise that DBNTC's foreclosure action was time barred under R.C. 1303.16(B).

{¶ 31} Finally, Talliere raised no argument with this court in *Talliere I* that R.C. 1303.16 barred DBNTC's action — presumably because she failed to preserve the argument by not raising it during summary judgment proceedings. She raised as her sole assignment of error a challenge to DBNTC's standing to bring the action because she believed that DBNTC did not have possession of the note at the time it filed the 2019 foreclosure complaint.

{¶ 32} We find that the time to assert this defense was in the trial court in opposition to summary judgment. Because Talliere could have raised this defense, res judicata now bars relitigating this issue. Accordingly, we find that Talliere has

not satisfied the first requirement of demonstrating a meritorious defense if her Civ.R. 60(B) motion were granted.

### B. Entitlement to relief under Civ.R. 60(B)(5)

{¶ 33} Talliere contends that she is entitled to relief under Civ.R. 60(B)(5) because (1) DBNTC presented contradictory promissory notes to three different courts in three different proceedings, which creates a genuine issue of material fact; and (2) a new legal issue exists because neither the trial court nor this court analyzed the foreclosure judgment in accordance with binding Eighth District precedent in *Lavelle*, 8th Dist. Cuyahoga No. 101729, 2015-Ohio-1307; and (3) DBNTC, through counsel, committed fraud on the court by presenting false and defective exhibits to obtain a judgment of foreclosure against her.

{¶ 34} Even if this court were to find that Talliere can assert a meritorious defense, we find that res judicata also bars her claim that she is entitled to relief under Civ.R. 60(B)(5) because the arguments she raises were either abandoned by Talliere in the trial court, or raised and rejected by the trial court and this court in *Talliere I*.

{¶ 35} Talliere's first basis for justifying relief under Civ.R. 60(B)(5) is that DBNTC filed contradictory promissory notes in different proceedings. She contends that the indorsements on the note in the 2019 foreclosure action contradict DBNTC's representations it previously made in the 2006 foreclosure case and during her bankruptcy. She contends that in the previous 2006 foreclosure action, DBNTC presented a note that did not have any indorsements, but in the 2019

foreclosure action, DBNTC presented a note that contained two indorsements, and in the bankruptcy case, DBNTC presented the note with an allonge. She claims that these contradictions create a genuine issue of fact, and under *Lavelle*, warrants relief from judgment.

{¶ 36} But this information was known to Talliere at the time of foreclosure proceedings, and in fact she relied upon this information in her answer, brief in opposition to summary judgment, objections to the magistrate's decision, and in her appeal in *Talliere I*.[3] In each filing, she referenced all three legal proceedings, addressed the appearance of the notes in each proceeding, and challenged the validity of the note and whether DBNTC was attempting to collect a debt it did not own. This court resolved the issue in *Talliere I* by concluding that "DBNTC had standing to bring [the foreclosure action] by constructively processing the Note at the time the complaint was filed." *Talliere I* at ¶ 23.

{¶ 37} Nevertheless, Talliere contends that because the trial court and this court in *Talliere I* did not analyze the foreclosure judgment under "Eighth District precedent" in *Lavelle*, relief from judgment is justified. We disagree.

{¶ 38} First, Talliere did not cite to or rely on *Lavelle* in any of her motions in the trial court or in her appellate brief. Moreover, *Lavelle* is not applicable because the *Lavelle* Court reviewed differing *copies* of a promissory note — an

_____

[3] An appellate court is permitted to take judicial notice of publicly accessible online court dockets. *State ex rel. Maron v. Corrigan*, 2022-Ohio-4406, 203 N.E.3d 52, ¶ 2 (8th Dist.), *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.3d 516; *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208.

undated special indorsement alleged to have been made on the "original note" filed in a prior action, and a note submitted in a subsequent action where the indorsement on the note "simply disappeared." The bank offered no explanation for the inconsistent versions of the note or the disappearance of the special indorsement. The *Lavelle* Court expressly stated, "[W]ithout production of the original note, we have no ability to conclusively determine which version of the note is in fact a true and accurate copy of the original Note." *Id*. at ¶ 23. Unlike *Lavelle*, DBNTC produced the original note, which was inspected by Talliere's counsel during discovery. Accordingly, *Lavelle* does not apply and, thus, offers no grounds for relief from judgment. Moreover, if Talliere believed that *Talliere I* was contrary to binding precedent or rendered in error, she could have addressed *Lavelle* in her motion for reconsideration or appealed *Talliere I* to the Ohio Supreme Court; she did neither.

{¶ 39} Talliere also contends she is entitled to relief under Civ.R. 60(B)(5) because DBNTC, through counsel, committed fraud on the court by presenting false or defective documents in support of its summary judgment motion to obtain a foreclosure judgment. Specifically, she contends that (1) the Bailee Letter contained a false and impossible investor transfer date of 2003 because she did not execute the note until 2005; and (2) the mortgage was sold in 2005 to "Greenwich Capital Finan" a year prior to the 2006 assignment of the mortgage to DBNTC and thus, the assignment to DBNTC was invalid. Res judicata also bars this argument. The documents that Talliere contends are false or defective were available to her during the proceedings and, in fact, she relied on them in challenging DBNTC's ability to

bring the foreclosure action. In response to summary judgment, Talliere challenged Knowles's affidavit and the attached exhibits including the Bailee Letter. The fact that she purportedly "discovered" or gleaned new information from these documents after *Talliere I* does not warrant relief from judgment under Civ.R. 60(B)(5). Accordingly, we find that res judicata bars Talliere's arguments supporting her grounds for relief under Civ.R. 60(B)(5); she has not satisfied the second requirement of Civ.R. 60(B).[4]

## IV. Law of the Case

{¶ 40} Talliere's Civ.R. 60(B)(5) motion purportedly asserts new grounds to challenge DBNTC's standing to bring this foreclosure action. Under *Talliere I*, the law of the case is that DBNTC has standing to bring the foreclosure action. "[A] reviewing court's decision in a case remains the law of that case on the legal questions involved for all subsequent proceedings in that case." *Cincinnati v. Harrison*, 2017-Ohio-7580, 97 N.E.3d 743, ¶ 8 (1st Dist.). Under the law-of-the-case doctrine, "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus. Accordingly, the trial court was bound by *Talliere I* when deciding Talliere's Civ.R. 60(B)(5) motion that again challenged DBNTC's standing to bring the foreclosure action.

---

[4] We need not address whether Talliere's Civ.R. 60(B)(5) motion was made in a reasonable amount of time, but note that it was filed approximately a year after the trial court entered the judgment of foreclosure.

## V. Conclusion

**{¶ 41}** Based on the foregoing, we find that res judicata bars Talliere's claims that continue to challenge DBNTC's standing to bring the foreclosure action. The arguments she raised in her Civ.R. 60(B)(5) motion were raised in the trial court and either abandoned or rejected in the trial court, and also rejected by this court in *Talliere I*. Moreover, we find that the information supporting Talliere's motion was available to her at the time of summary judgment and, thus, she could have raised those issues in the trial court. Accordingly, we find that the trial court did not abuse its discretion in denying the Civ.R. 60(B)(5) motion without conducting a hearing. The assignments of error are overruled.

**{¶ 42}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR