[Cite as *Shamrock Restoration, L.L.C. v. Muncy*, 2024-Ohio-1002.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| SHAMROCK RESTORATION, LLC, | : | |
| Appellee, | : | CASE NO. CA2023-07-056 |
| | : | O P I N I O N |
| - vs - | : | 3/18/2024 |
| | : | |
| RYAN M. MUNCY, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21 CV 94617

Coolidge Wall Co., L.P.A., and David P. Pierce and Sarah J. Sparks, for appellee.

Ryan M. Muncy, pro se.

**M. POWELL, J.**

{¶ 1} Appellant, Ryan Muncy, appeals a decision of the Warren County Court of Common Pleas granting summary judgment to appellee, Shamrock Restoration, LLC ("Shamrock").

{¶ 2} In February 2021, a leak occurred in a residential property in Mason, Warren County, Ohio, causing water damages to the upstairs primary bathroom, the

primary bedroom, and the downstairs kitchen. The property is owned by appellant and occupied by his friend Tracy Otto ("Otto") and her son. Appellant submitted a claim to his insurer, State Auto, and contacted Shamrock to obtain estimates for remediation and restoration of the premises. State Auto approved Shamrock's estimates of $3,786.03 for remediation and $7,313.54 for restoration. On March 9, 2021, appellant contracted with Shamrock to remediate and restore the premises in accordance with the estimates. Shamrock began work on March 12, 2021, and completed the remediation phase of the work on March 16, 2021.

{¶ 3} Shamrock began the restoration phase of the work on March 22, 2021. On March 25, 2021, Otto requested that work cease due to concerns she had about an uneven ceiling texture in the kitchen. The parties discussed the matter and work resumed. On March 29, 2021, Otto again suspended the work due to other concerns. Work resumed a few days later. This on-and-off pattern of work due to concerns of Otto and/or appellant continued for the next two weeks until April 14, 2021, when appellant stopped all work on the project. At the time, the remaining work to be completed under the contract involved finishing the primary bathroom, fixing the kitchen ceiling, and installing carpet in the primary bedroom. Although Shamrock sought to complete the work, appellant and Otto refused to allow Shamrock access to the premises.

{¶ 4} On April 15, 2021, Shamrock presented appellant with an invoice for work performed under the contract, totaling $6,903.37. On April 20, 2021, appellant confirmed that Shamrock would not be permitted back on the premises to complete the work; consequently, Shamrock presented appellant with a "notice of breach of contract," demanding payment for the completed work. Appellant refused to pay Shamrock's invoice.

{¶ 5} On August 19, 2021, Shamrock filed a complaint against appellant in the

Mason Municipal Court, Small Claims Division, seeking damages of $6,000. On October 6, 2021, the day the matter was set for trial, appellant answered Shamrock's complaint, filed a counterclaim seeking damages of $16,860.12, and moved to have the matter transferred to the Butler County Court of Common Pleas. Because the amount sought by appellant's counterclaim exceeded the municipal court's monetary jurisdiction, the matter was transferred to the Warren County Court of Common Pleas, General Division. Subsequently, Shamrock filed an amended complaint on September 2, 2022, alleging breach of contract, action on account, and unjust enrichment, and seeking damages of $6,903.37.

{¶ 6} On March 31, 2023, Shamrock moved for summary judgment on its claims and appellant's counterclaim. The certificate of service attached to the summary judgment motion states that the motion was served on appellant by electronic and/or regular mail. On April 4, 2023, the trial court mailed a notice to all parties advising that Shamrock's motion for summary judgment would be submitted to a magistrate for a non-oral hearing on May 5, 2023. Attached to Shamrock's motion for summary judgment was an affidavit of Robert O'Brien, Shamrock's owner; six exhibits accompanied the affidavit, including the report of Richard Gaydosik, Shamrock's home restoration expert. Appellant did not file a response to Shamrock's motion for summary judgment.

{¶ 7} On May 5, 2023, the magistrate granted Shamrock's motion for summary judgment. Regarding Shamrock's claim for breach of contract, the magistrate found that Shamrock set forth sufficient evidence that appellant contracted with Shamrock for remediation and restoration of the premises, that Shamrock performed under the contract until appellant prevented further performance, and that appellant then failed to pay Shamrock for the work it had completed. Regarding appellant's counterclaim, the magistrate found that there was no genuine issue of material fact that Shamrock had not

- 3 -

completed the work in a workmanlike manner based upon Gaydosik's report. Upon inspecting the property in December 2022, Gaydosik concluded that all work completed by Shamrock was done in a workmanlike manner, except the drywall on the kitchen ceiling which Shamrock was not afforded an opportunity to correct. The magistrate also rejected appellant's claimed damages for "substantial depreciation" and "loss of use" of the property as an incorrect measure of damages, noting that appellant did not have the property repaired and presented insufficient evidence of the cost of repairing the deficient work. The magistrate further ruled that appellant could not claim damages for the contract work left unfinished as it was he who prevented Shamrock from completing the work.

{¶ 8} Appellant filed objections to the magistrate's decision on May 19, 2023. The trial court issued an entry advising the parties that appellant's objections "shall be submitted to the Court for review on June 9, 2023." Shamrock filed a memorandum opposing appellant's objections. On June 7, 2023, the trial court overruled appellant's objections and adopted the magistrate's May 5, 2023 decision. The trial court issued a final judgment entry on June 21, 2023, granting summary judgment to Shamrock, awarding Shamrock $6,903.37 in damages, pre- and post-judgment interest, and court costs, and dismissing appellant's counterclaim with prejudice. Appellant represented himself in the proceedings below.

{¶ 9} Appellant now appeals, pro se, raising 13 assignments of error. For ease of discussion and readability, we will initially consider appellant's second, fourth, fifth, and ninth assignments of error together; appellant's sixth and seventh assignments of error will be considered together. For purposes of clarity, appellant's third and eleventh assignments of error will be restated by this court.

{¶ 10} Assignment of Error No. 2:

{¶ 11} PURSUANT TO THE REQUIREMENTS OF RULE 16(A)(3), THIS APPEAL

- 4 -

PRIMARILY COMES AS THE RESULT OF A DEFAULT JUDGMENT BECAUSE OF LACK OF EFFECTIVE COMMUNICATION AND A DISPARITY IN THE APPELLANT BEING ABLE TO ENJOY HIS EQUAL PROTECTION RIGHTS AND EQUAL ACCESS TO COURTS.

{¶ 12} Assignment of Error No. 4:

{¶ 13} IN 2021, AT THE START OF THIS CASE, THE PRO SE APPELLANT FILED A CROSS COMPLAINT AND COUNTER CLAIM THAT HAS BEEN IGNORED BY THE APPELLEE AND THE COURT. AT NO TIME HAS THE APPELLEE RECOGNIZED OR BEEN RESPONSIVE TO THE CROSS COMPLAINT AND COUNTER CLAIM AND HAS PROSECUTED THIS ENTIRE ACTION IN THE CASE SIMPLY STYLED IN THE SINGULAR AS SHAMROCK RESTORATION, LLC VS. RYAN M. MUNCY.[1]

{¶ 14} Assignment of Error No. 5:

{¶ 15} WITH ALL OF HIS RESPONSIVE PLEADINGS AND ANSWERS, THE APPELLANT PROPERLY STYLED HIS DOCUMENTS TO REFLECT HIS COUNTER CLAIM AND CROSS COMPLAINT AGAINST SHAMROCK RESTORATION LLC, JAMES ABNER AND ROBERT O'BRIEN. THE APPELLANT PRO SE HAS ALSO FILED NUMEROUS LEGIBLE PICTURES OF THE STRUCTURAL DEFECTS WHICH UNDERPIN THE BASIS OF DISPUTE IN THIS MATTER.

{¶ 16} Assignment of Error No. 9:

{¶ 17} THE TRIAL COURT ENTERED NOT ONE, BUT TWO DISTINCT RULINGS WHICH WERE A MISNOMER OF TIME LINES OF FILINGS MADE BY THE

---

1. Contrary to his assertions, appellant has never filed a complaint against Shamrock and there is no cross complaint in this case. Appellant claims that Shamrock and the trial court ignored his counterclaim. The record belies such assertion. After the case was transferred to the trial court, appellant filed an amended counterclaim on February 2, 2022, which he incorrectly labeled as an amended complaint; Shamrock filed an answer to the counterclaim on February 16, 2023; and the trial court dismissed the counterclaim with prejudice on summary judgment on June 21, 2023.

APPELLANT, STATING THAT DOCUMENTS WERE NOT FILED BEFORE THE DEADLINES AND IN ANOTHER INSTANCE, A MAGISTRATE ENTERED A RULING AGAINST THE APPELLANT SEVERAL DAYS BEFORE THE DEADLINE THAT WAS SET BY THE TRIAL JUDGE THAT REQUIRED THE APPELLANT TO HAVE HIS RESPONSIVE PLEADING IN ON JUNE 9TH, 2023.

{¶ 18} App.R. 16(A)(7) requires an appellate brief to include reasons in support of an assignment of error with citations to authorities, statutes, and parts of the record relied upon. If a party fails to identify the error in the record upon which the assignment is based or argue an assignment as required by App.R. 16(A), an appellate court may disregard the assignment of error. App.R. 12(A)(2). Appellant bears the burden of affirmatively demonstrating error on appeal and substantiating his arguments in support thereof. *Ostigny v. Brubaker*, 12th Dist. Warren No. CA2023-03-026, 2024-Ohio-384, ¶ 38. It is not an appellate court's duty to "root out" or develop an argument that can support an assigned error, even if one exists. *Lebanon v. Ballinger*, 12th Dist. Warren No. CA2014-08-107, 2015-Ohio-3522, ¶ 27. Nor is it the duty of an appellate court to search the record for evidence to support an appellant's argument as to alleged error. *Hellmuth v. Stephens*, 12th Dist. Butler No. CA2022-04-034, 2023-Ohio-4592, ¶ 23.

{¶ 19} Appellant's argument under his second, fourth, fifth, and ninth assignments of error simply consists of the conclusory statements recited above. Appellant does not cite to the record, fails to cite any legal authority, and does not offer any analysis of the assigned errors. Although appellant is proceeding pro se, a pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants. *Bowles v. Singh*, 12th Dist. Clermont No. CA99-10-094, 2000 Ohio App. LEXIS 3410, *5 (July 31, 2000). Appellant's second, fourth, fifth, and ninth assignments of error are therefore overruled. To the extent the caption of the ninth assignment of error

challenges the trial court's "premature" ruling on appellant's objections, such is addressed under the first assignment of error.

{¶ 20} We now turn to appellant's remaining assignments of error. At issue is whether the trial court properly granted summary judgment to Shamrock. An appellate court reviews a trial court's decision to grant or deny summary judgment de novo, without any deference to the trial court's judgment. *Bravard v. Curran,* 155 Ohio App.3d 713, 2004-Ohio-181, ¶ 9 (12th Dist.).

{¶ 21} Assignment of Error No. 1:

{¶ 22} ON 05/22/2023, HONORABLE JUDGE TIMOTHY N. TEPE ENTERED AN ORDER STATING THAT THE APPELLANT'S "OBJECTIONS SHALL BE SUBMITTED TO THE COURT FOR REVIEW ON JUNE 9, 2023."

{¶ 23} On May 19, 2023, appellant filed objections to the magistrate's decision granting summary judgment to Shamrock. The trial court subsequently advised the parties that appellant's objections would be submitted to the court for review on June 9, 2023. The trial court overruled appellant's objections on June 7, 2023, two days before the June 9, 2023 submit date established by the court.[2] On June 9, 2023, appellant filed a "Responsive Pleading in Support of Motion to Vacate Default Order and Reset a Scheduling Order for Trial by Jury." The phrase "Motion to Vacate Default Order" apparently refers to appellant's May 19, 2023 objections to the magistrate's decision granting summary judgment to Shamrock.

{¶ 24} Appellant argues that the trial court improperly ruled on his objections before the June 9, 2023 submit date and in doing so, failed to consider his Responsive

---

2. Appellant incorrectly labels the June 7, 2023 order and entry overruling his objections as an "early order" entered by the magistrate. It is not. The June 7, 2023 "Order and Entry Overruling Objections and Adopting the Magistrate's May 5, 2023 Decision as if Fully Rewritten Herein" is an order issued and signed by the trial court.

- 7 -

Pleading. Appellant does not otherwise identify any error in the trial court's overruling of his objections.

{¶ 25} While the better course of action would have been for the trial court to rule on the objections on June 9, 2023, the submit date it had established, we find no error in the trial court overruling appellant's objections on June 7, 2023. A trial court "may enter a judgment either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired." Civ.R. 53(D)(4)(e)(i). The only time constraints under Civ.R. 53 relate to the filing of objections to a magistrate's decision: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decisions during that fourteen-day period as permitted by Civ.R. 53(0)(4)(e)(i)." Civ.R. 53(D)(3)(b)(i). "If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed." *Id.*

{¶ 26} We likewise find no error in the trial court overruling appellant's objections without considering his Responsive Pleading. A trial court is not required to take additional evidence in support of objections to a magistrate's decision: "Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." Civ.R. 53(D)(4)(d). A review of appellant's Responsive Pleading shows that it was mostly redundant of his objections and that it sought to introduce evidence that was not before the magistrate on summary judgment. If we construe appellant's Responsive Pleading as a reply in support of his objections, neither the Ohio Civil Rules nor the trial court's local rules permit a party to file a reply in support of the party's objections to a magistrate's decision. If we construe appellant's Responsive Pleading as supplemental objections, "neither Civ.R. 53 nor statutory law

permits a party to submit a memorandum supplementing timely objections to a magistrate's decision, as of right, after the time for filing objections has passed" without requesting leave of court to do so. *Beasley v. Beasley*, 4th Dist. Adams No. 06CA821, 2006-Ohio-5000, ¶ 13. Appellant filed his Responsive Pleading after the time for filing objections had passed and without requesting leave of court to do so. The trial court's entry advising the parties of the June 9, 2023 submit date neither required appellant nor granted him leave to file his Responsive Pleading.

{¶ 27} Appellant's first assignment of error is overruled.

{¶ 28} Assignment of Error No. 3:

{¶ 29} THE TRIAL COURT ERRED BY FAILING TO PROPERLY DOCKET A PLEADING RECEIVED FROM APPELLANT ON JUNE 16, 2023, THUS CAUSING AN ADVERSE RULING TO APPELLANT.

{¶ 30} This assignment of error refers to appellant's "Motion for Relief From Scheduling Order" which he claims was received by the clerk of courts on June 16, 2023 (based upon a certified mail return receipt appellant attached to his brief, reflecting receipt on June 14, 2023), but not filed until June 19, 2023. Appellant claims this delay resulted in the magistrate denying his motion as untimely.

{¶ 31} The trial court's docket does not reflect that such a motion was filed on June 19, 2023. Appellant's only filings around this time were his June 9, 2023 Responsive Pleading in support of his objections to the magistrate's decision granting summary judgment, and his July 5, 2023 Notice of Intention to Appeal.

{¶ 32} Appellant may be referring, instead, to a motion he filed in the spring of 2023. The docket shows that a scheduling order was journalized in March 2022 and an amended scheduling order was journalized on November 28, 2022. Appellant filed a motion for relief from the scheduling order on March 10, 2023, arguing he needed

additional time because (1) he was unable to retain counsel; (2) he was unable to issue discovery requests; (3) he was unable to fully participate in discovery because of the distance he must drive to work; (4) he was unable to access the clerk's electronic filing system; and (5) he had recently discovered new evidence to be included in a cross-complaint. On March 27, 2023, the magistrate denied appellant's motion for relief. The magistrate found that after the November 2022 amended scheduling order was issued, the parties had "ample time to conduct discovery, research relevant law, depose appropriate witnesses, and file dispositive motions. The fact [appellant] has not taken the opportunity to fully participate in this matter over the last year and a half does not warrant an extension of the Court's deadline." On April 11, 2023, appellant moved to set aside the magistrate's foregoing order. On April 20, 2023, the trial court denied the motion to set aside the magistrate's order as untimely filed under Civ.R. 53 (D)(2)(b) and lacking merit.

{¶ 33} Assuming appellant's third assignment of error relates to his March 10, 2023 motion for relief from the scheduling order, we find that the trial court did not err in denying appellant's motion to set aside the magistrate's order that denied appellant's motion for relief from the scheduling order. Civ.R. 53(D)(2)(b) governs motions to set aside a magistrate's order and explicitly states, "The motion * * * shall be filed no later than ten days after the magistrate's order is filed." The magistrate's order appellant sought to set aside was filed on March 27, 2023. Thus, a motion to set aside that order was due on or before April 6, 2023. As appellant's motion to set aside was not filed until April 11, 2023, it was untimely filed under Civ.R. 53(D)(2)(b) and was therefore properly denied by the trial court. Moreover, appellant's motion lacked merit based upon appellant's failure to participate in the case in the 18 months since it was transferred to the trial court and the fact the scheduling order had already been once amended to extend various

deadlines.

{¶ 34} Appellant's third assignment of error is overruled.

{¶ 35} Assignment of Error No. 6:

{¶ 36} THE APPELLANT HAS NOT BEEN AFFORDED AN OPPORTUNITY TO PRESENT HIS OBJECTIONS OR EVIDENCE IN AN OPEN COURT. THE APPELLANT DEMANDS A TRIAL BY JURY [AND] HAS ALREADY PAID UNTO THE TRIAL COURT, THE APPLICABLE FEE OF $250.00 FOR A JURY TRIAL.

{¶ 37} Assignment of Error No. 7:

{¶ 38} THE PROCEDURES OF THE TRIAL COURT FAVORED THE "PAPER MILL" PROCESS UTILIZED BY THE APPELLEE AND IGNORED THE RIGHTS AND CLAIMS OF APPELLANT.

{¶ 39} Both assignments of error loosely challenge the trial court's granting of summary judgment to Shamrock. In his sixth assignment of error, appellant argues he was not given an opportunity to present his objections or evidence in open court, thus seemingly arguing the trial court erred in granting summary judgment to Shamrock without conducting an evidentiary hearing or a jury trial. In his seventh assignment of error, appellant argues that the trial court erred in relying upon Shamrock's summary judgment evidence—O'Brien's affidavit and Gaydosik's report—because they both included false, unverifiable, or unsubstantiated statements. By contrast, appellant asserts he "has sound evidence which proves his claims with regard to the gross negligence of the contractor, damages, depreciation and substandard work by omission or commission." In other words, appellant asserts he has evidence contradicting Shamrock's summary judgment evidence.

{¶ 40} Under Civ.R. 56(C), summary judgment is proper when (1) there are no genuine issues of material fact to be litigated; (2) the moving party is entitled to judgment

- 11 -

as a matter of law; and (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.,* 82 Ohio St.3d 367, 369-370, 1998-Ohio-389. In determining whether a genuine issue of material fact exists, the court must answer the following inquiry: "Does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law?" *Wilson v. Maple,* 12th Dist. Clermont No. CA2005-08-075, 2006-Ohio-3536, ¶ 18.

{¶ 41} The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt,* 75 Ohio St.3d 280, 293, 1996-Ohio-107. Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trial court to resolve. *Id.* The nonmoving party may not rest upon the mere allegations or denials of his pleadings. Civ.R. 56(E). Rather, the nonmoving party's response must present evidence setting forth specific facts showing that there is a genuine issue for trial. *Id.*; *Dresher* at 293. Summary judgment is proper if the nonmoving party fails to set forth such facts. Civ.R. 56(E); *Puhl v. U.S. Bank, N.A.*, 12th Dist. Butler No. CA2014-08-171, 2015-Ohio-2083, ¶ 13.

{¶ 42} Civ.R. 56(C) provides that courts are only to consider "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact" when ruling on summary judgment motions. "Civ.R. 56(C) does not allow for testimony to be presented in a summary judgment hearing." *Litva v. Richmond*, 172 Ohio App.3d 349, 2007-Ohio-3499, ¶ 10 (7th Dist.). Furthermore, a trial court is not required to hold an evidentiary hearing or oral argument

on motions for summary judgment. *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 14; *Viars v. Ironton*, 4th Dist. Lawrence No. 16CA8, 2016-Ohio-4912, ¶ 52. A "hearing contemplated by Civ.R. 56 may involve as little as the submission of memoranda and evidentiary materials for the court's consideration." *Viars* at ¶ 52. Additionally, the right to a jury trial is only enforceable where there are factual issues to be tried. *Id.* at ¶ 53. When summary judgment is properly granted to the moving party, the nonmoving party has no right to a jury trial. *Id.*

{¶ 43} Summary judgment was proper here. Shamrock met its initial burden by informing the trial court of the basis of its motion and identifying parts of the record demonstrating the absence of a genuine issue of material fact. Consequently, in response to Shamrock's motion for summary judgment, appellant was required to present evidence setting forth specific facts showing that there is a genuine issue for trial. Appellant had the reciprocal burden of specificity and could not rest on the mere allegations or denials of his prior pleadings. Despite filing numerous pleadings throughout the proceedings below, appellant did not file a memorandum in opposition to Shamrock's motion for summary judgment or otherwise respond to the motion. Appellant offered no evidence showing the existence of a genuine triable issue of material fact in response to Shamrock's motion for summary judgment. The evidence that appellant now claims contradicts Shamrock's summary judgment evidence was never presented to the trial court on summary judgment. Thus, appellant failed to meet his reciprocal burden under Civ.R. 56. It follows appellant was not entitled to a jury trial. The trial court did not err in granting summary judgment to Shamrock without conducting an evidentiary hearing on Shamrock's motion.

{¶ 44} Further, contrary to appellant's suggestion, the trial court did consider his objections to the magistrate's decision granting summary judgment to Shamrock. In fact,

although appellant's objections were neither clearly nor specifically identified as such in the pleading he filed, the trial court identified nine objections, individually addressed them, and overruled them.

**{¶ 45}** Appellant's sixth and seventh assignments of error are overruled.

**{¶ 46}** Assignment of Error No. 8:

**{¶ 47}** RESPONSIBLE PARTY IN A CIVIL CONTRACT.

**{¶ 48}** The parties' March 9, 2021 contract was signed by appellant and Robert O'Brien. The contract begins with, "owner of the described property authorize James Abner dba 'Shamrock Restoration, LLC' hereinafter referred to as contractor, to make repairs to [my] property[.]" In his affidavit attached to Shamrock's motion for summary judgment, O'Brien averred that he is the owner of Shamrock. When appellant refused to pay the invoice for work performed, Shamrock filed a complaint against appellant; the complaint was signed by O'Brien. Appellant argues that Abner, not Shamrock, is the proper party and real party in interest, and that Shamrock lacked the authority "to prosecute this matter in the first place."

**{¶ 49}** The record shows that appellant repeatedly argued this issue below. In February 2022, appellant sought to dismiss Shamrock as plaintiff, arguing that it was not a party to the contract and that only Abner was the proper party to initiate the lawsuit against appellant. In its memorandum in opposition, Shamrock construed appellant's pleading as a Civ.R. 12(B)(7) motion to dismiss for failure to join a party under Civ.R. 19 or 19.1 and argued it should be denied because the contract was plainly entered with Shamrock, a limited liability company, and not an individual person, and there was no defect under *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77 (1989) (dismissal due to a party's failure to join a necessary party is warranted only where the defect cannot be cured). On March 21, 2022, the trial court denied appellant's motion to dismiss as

- 14 -

untimely and filed without leave of court under Civ.R. 15.

{¶ 50} In June 2022, appellant moved "to set a hearing to determine the moving parties," arguing that Shamrock's complaint was defective because it did not contain the proper and necessary parties to the case, and that Abner was "the legal party with standing to bring a legal action in the name of Shamrock." In response, Shamrock argued that the reference to James Abner in the first paragraph of the contract was of no consequence and merely a misnomer and that Shamrock had standing and was the proper party to bring the lawsuit against appellant. On July 15, 2022, the trial court denied appellant's motion. The court construed appellant's motion as (1) a motion to dismiss for failure to join any and all necessary and proper parties, (2) a motion to dismiss due to Shamrock's lack of standing, and (3) a motion to amend appellant's counterclaim. The trial court denied the motions to dismiss as untimely filed and the motion to amend as violative of Civ.R. 15(A) as appellant "did not request leave to amend his counterclaim or to file a third-party complaint, nor was leave ever granted to do the same."

{¶ 51} When Shamrock subsequently sought leave of court to amend its complaint, appellant objected on the ground, inter alia, that the contract was between him and Abner dba Shamrock, and that "at no time has [the trial court] made a ruling on that fact." The trial court overruled appellant's objections and granted leave to amend the complaint; Shamrock filed an amended complaint. On September 14, 2022, appellant objected to the amended complaint, arguing that it was defective because Shamrock was not the proper party to bring the lawsuit as the contract was entered between Abner dba Shamrock and appellant. Construing appellant's objection as a Civ.R. 12(B)(6) motion to dismiss based on standing, the trial court denied it on October 24, 2022. Citing Civ.R. 17(A) and *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, the trial court found that the contract was "clearly between Shamrock Restoration, LLC. and [appellant].

Plaintiff has standing to bring the above captioned case."

{¶ 52} A "party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41. Standing is a jurisdictional requirement that a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. *Honeywell Internatl., Inc. v. Vanderlande Industries, Inc.*, 12th Dist. Warren No. CA2021-12-114, 2022-Ohio-2986, ¶ 6. To establish standing, "plaintiffs must show that they suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Moore* at ¶ 22. Civ.R. 17(A) requires that "[e]very action shall be prosecuted in the name of the real party in interest." "A real party in interest is one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is directly benefitted or injured by the outcome of the case." *Shealy v. Campbell*, 20 Ohio St.3d 23, 24 (1985); *Ebbing v. Stewart*, 12th Dist. Butler No. CA2016-05-085, 2016-Ohio-7645, ¶ 14. "In a breach of contract claim, 'only a party to the contract or an intended third-party beneficiary may bring an action on a contract in Ohio.'" *Discover Bank v. Brockmeier*, 12th Dist. Warren No. CA2006-07-028, 2007-Ohio-1552, ¶ 7, quoting *Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 161 (1991). "'[T]he test for determining who is a real party in interest is: 'Who would be entitled to damages?'" *Givens v. Longwell*, 7th Dist. Belmont No. 23 BE 0008, 2023-Ohio-4516, ¶ 13.

{¶ 53} Despite appellant's contentions, the record shows that the contract was clearly between Shamrock Restoration, LLC and appellant, that Shamrock is the real party in interest under *Shealy* and Civ.R. 17(A), and that Shamrock has standing to sue appellant pursuant to *Moore*. We therefore find no merit to appellant's arguments.

{¶ 54} Appellant's eighth assignment of error is overruled.

{¶ 55} Assignment of Error No. 10:

{¶ 56} PRO SE APPELLANT WAS DISADVANTAGED BY ACCESS TO COURTS ISSUES AND OTHER HARDSHIPS.

{¶ 57} This assignment of error summarily raises a hodgepodge of arguments, to wit, summary judgment is improper because (1) the trial court "received and relied upon False information in the Affidavit of Robert O'Brien and generalized inconclusive statements of Richard Gaydosik, expert witness for [Shamrock]," (2) the trial court overruled his objections to the magistrate's decision without considering his Responsive Pleading filed on the June 9, 2023 submit date, and (3) "there has never been any hearing on facts of the case."

{¶ 58} Having considered and rejected the foregoing arguments in appellant's first, six, and seventh assignments of error, appellant's tenth assignment of error is without merit and overruled.

{¶ 59} Assignment of Error No. 11:

{¶ 60} SHAMROCK/JAMES ABNER DEFRAUDED APPELLANT.

{¶ 61} Appellant asserts that it "has never made any logical sense why" Shamrock "would issue a contract bearing the name, James Abner dba: Shamrock Restoration, LLC unless there was some nefarious underpinning reason. In point instant, appellant believes that the intent of the parties involved was to confuse [him] with *Intent to Defraud*." It appears appellant is arguing Shamrock defrauded him because the contract bore the name "James Abner dba: Shamrock Restoration, LLC."

{¶ 62} While appellant repeatedly argued below that Abner was the real party in interest in the litigation at bar, neither his counterclaim in the municipal court nor his amended counterclaim in the trial court asserted a fraud claim based upon the fact the

contract bears the name James Abner dba: Shamrock Restoration, LLC. Both Shamrock and the magistrate construed appellant's counterclaim as alleging damages related to substantial depreciation and loss of use of his property; appellant never challenged such construction. Even assuming, arguendo, that appellant's amended counterclaim asserted such a fraud claim, it was not pled with the requisite specificity under Civ.R. 9(B). Pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity. *See Adena at Miami Bluffs Condominium Owners' Assn., Inc. v. R. Hugh Woodward*, 12th Dist. Warren No. CA2020-08-044, 2021-Ohio-3872. Moreover, appellant did not meet his burden of proof in responding to Shamrock's summary judgment motion or in identifying specific parts of the evidentiary record that show a genuine issue of material fact regarding a claim of "fraud." We therefore find no merit to appellant's argument.

{¶ 63} Appellant's eleventh assignment of error is overruled.

{¶ 64} Assignment of Error No. 12:

{¶ 65} THE APPELLANT IS GROSSLY IMPAIRED IN HIS ABILITY TO ACCESS THE DOCKET, FILINGS OR RECORDS AT THE OFFICE OF THE CLERK.

{¶ 66} Appellant complains he is not permitted to access the trial court's online docket filings because he is not an attorney, thereby impairing his ability to check court dates, scheduling orders, and other pertinent information. Appellant states that he is not able to access court records in person during regular business hours because he works 60 hours a week and resides outside of Warren County. Appellant specifically raised this issue in his objections to the magistrate's decision granting summary judgment to

Shamrock.[3]

{¶ 67} The trial court overruled the objection on the ground that appellant "does not explain how his inability to access court records online implies that the Magistrate erred in" granting summary judgment to Shamrock. The trial court further found that "the determination of the Clerk of Courts to permit online access to records by only licensed attorneys does not violate [appellant's] civil rights, as he has had access to these court records by appearing in person before the Warren County Clerk of Court and has been served copies of all filings in this case by mail."

{¶ 68} Loc.R. 4.04 governs e-filings in the trial court and provides that

> Unrepresented parties may utilize the e-Filing system. The Clerk of Courts will provide secure public access terminals from which unrepresented filers will be permitted to use the Court's e-Filing system and electronically file documents.
>
> Unrepresented filers who do not utilize the e-Filing system must file all documents by mail, commercial carrier service, or personal delivery to the Clerk's Office. The clerk must accept the paper document filing, docket the document, and scan the document before the end of the next business day or as soon as practicable, and retain the original for placement in the case file.

Loc.R. 4.04(B)(a)-(b).

{¶ 69} Contrary to appellant's assertion, the trial court's pleadings are available online, for free, 24 hours a day, and no password or account is required to *access* the trial court's online docket filings. Appellant is correct that only licensed attorneys are permitted to electronically *file* documents and pleadings. However, the fact that appellant cannot electronically file documents and pleadings does not mean he is denied equal access to the courts. In addition to personally delivering the documents to the clerk's

---

3. Appellant briefly noted his lack of equal access to courts as a pro se litigant in his February 2023 Filing of Newly Acquired Evidence (Estimate for Demolition of Defective Workmanship and Cost of Repair by Qualified Contractor) and his April 2023 motion to set aside the magistrate's March 27, 2023 order denying appellant's motion for relief from the scheduling order.

office, appellant may also file documents by mail or commercial carrier service. Furthermore, appellant does not explain how his lack of equal access to the online docket filings as a pro se litigant prejudiced him. We therefore find no merit to appellant's argument.

{¶ 70} Appellant's twelfth assignment of error is overruled.

{¶ 71} Assignment of Error No. 13:

{¶ 72} A DEPOSITION OF STEPHEN DEARDOFF, EXPERT WITNESS FOR APPELLANT SCHEDULED BY APPELLEE. THE APPELLANT WAS NOT GIVEN AN OPPORTUNITY TO CROSS EXAMINE HIS OWN EXPERT.

{¶ 73} Appellant argues he was unable to cross-examine his expert witness, Certified Real Estate Appraiser Stephen Deardoff, during the latter's deposition because Shamrock's counsel "totally disregarded appellant during the deposition, [and] abruptly closed the meeting and dismissed Mr. Deardoff from the telephonic meeting, without affording appellant any opportunity to clarify certain questions and representations."

{¶ 74} Deardoff was deposed on January 27, 2023; he appeared by video. Appellant and Shamrock's counsel were in the same room during the deposition. A review of the deposition transcript belies appellant's assertions and instead shows that (1) Shamrock's attorney did not dismiss the expert, (2) rather, the expert logged out of the deposition on his own and without any prompting, and (3) Shamrock's counsel offered to call back the expert but appellant declined. Subsequently, appellant did not attempt to schedule a follow-up/continuation of the expert's deposition, did not ask the expert if changes were needed to be made on the errata sheet, and did not obtain an affidavit of his expert in response to Shamrock's motion for summary judgment. As already stated, appellant did not file a response to Shamrock's motion for summary judgment. We therefore find no merit to appellant's argument.

**{¶ 75}** Appellant's thirteenth assignment of error is overruled.

**{¶ 76}** We recognize that appellant represented himself below and on appeal. However, pro se litigants are held to the same standard as members of the bar and are expected to abide by the relevant rules of procedure and substantive laws, regardless of their familiarity with them. *See Harshman Dynasty, L.L.C. v. Mason*, 2d Dist. Montgomery No. 25873, 2014-Ohio-1108; *In re C.B.*, 12th Dist. Clermont No. CA2013-12-094, 2014-Ohio-3784. Thus, as a pro se litigant, appellant is presumed to have knowledge of the law and legal procedure regarding summary judgment. *Unifund CCR, L.L.C. v. Birch*, 8th Dist. Cuyahoga No. 109705, 2021-Ohio-1487, ¶ 11. "Pro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21.

**{¶ 77}** The consequence of appellant's failure to file a memorandum opposing Shamrock's motion for summary judgment and his failure to provide the trial court with evidence showing that there is a genuine issue of material fact for trial *in response* to Shamrock's summary judgment motion resulted in the trial court finding a lack of genuine issue of material fact regarding the validity of Shamrock's claims and consequently granting summary judgment to Shamrock. "This case demonstrates that it is rarely wise for litigants to represent themselves and shows the importance of competent counsel even in civil cases." *Kidz Bop L.L.C. v. Broadhead*, 1st Dist. Hamilton No. C-140686, 2015-Ohio-3744, ¶ 14.

**{¶ 78}** Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.

- 21 -