[Cite as *Fifth Third Bank v. Ballard*, 2024-Ohio-2523.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| FIFTH THIRD BANK, NATIONAL ASSOCIATION, | : | |
| | : | CASE NO. CA2023-07-080 |
| Appellee, | : | O P I N I O N |
| | | 7/1/2024 |
| - vs - | : | |
| | : | |
| MICHAEL W. BALLARD aka MICHAEL BALLARD, et al., | : | |
| Appellant. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2022 04 0655


Manley Deas Kochalski LLC, and Matthew J. Richardson, for appellee.

Michael W. Ballard aka Michael Ballard, pro se.



**S. POWELL, P.J.**

{¶ 1} This case involves appellee, Fifth Third Bank, National Association, foreclosing on property previously owned by appellant, Michael W. Ballard aka Michael Ballard, located at 6182 Ross Road in Fairfield, Butler County, Ohio. For the reasons outlined below, this appeal is dismissed as moot.

{¶ 2} On April 26, 2022, Fifth Third filed with the Butler County Court of Common

Pleas a complaint for foreclosure on the subject property set forth above.[1]  The complaint and its attached exhibits established that Ballard was in default of the note and mortgage attached to the property, thereby entitling Fifth Third to move forward and foreclose on the property.  The record indicates that Ballard was properly served with Fifth Third's complaint by publication on August 23, 2022.  However, when Ballard did not file an answer or other pleading, Fifth Third requested the trial court issue a default judgment against Ballard.  The trial court agreed and thereafter issued a default judgment against Ballard on November 28, 2022.  Ballard did not appeal from that judgment.

{¶ 3}   On March 1, 2023, Ballard filed with the trial court a Civ.R. 60(B) motion for relief from the default judgment rendered against him.  Ballard also moved the trial court to "cancel" the upcoming sheriff's sale of the property scheduled to begin online the next day, March 2, 2023, and remain open for the next seven calendar days.  Seven days later, on March 9, 2023, the property was sold through the online sheriff's sale for $241,400.  Following the sale of the property, on June 12, 2023, the trial court issued a decision denying Ballard's motion for relief from judgment.  In so doing, the trial court rejected Ballard's two alleged "meritorious defenses" wherein he argued that (1) he received improper service by publication of Fifth Third's complaint; and (2) his loan was current and therefore not in default, something which, if true, should have prevented the foreclosure and sheriff's sale of the property from going forward.

{¶ 4}   In rejecting both of Ballard's two alleged "meritorious defenses," the trial court stated, in pertinent part, the following:

> Firstly, Defendant alleges improper service. * * * Service by publication is authorized under Civ.R. 4.4.  The record indicates Plaintiff properly completed service via publication.

---

1. The following facts have been compiled from the record before this court on appeal, as well as from the trial court's online docket of which we take judicial notice.  *See Duetsche Bank v. Talliere*, 2024-Ohio-829, ¶ 36, fn. 3 (8th Dist.) ("[a]n appellate court is permitted to take judicial notice of publicly accessible online court dockets").

> Defendant failed to present any operative fact to the contrary. As such, Defendant's first alleged meritorious defense fails.
>
> Defendant's second alleged meritorious defense is that he has made all his required payments—and by inference, the loan cannot be in default. Plaintiff opposes this argument by providing an account history, as well as a copy of the Default Letter sent to Defendant in accordance with the terms of the loan documents. Based on the evidence, Defendant's loan has been at least one payment behind since 2017. When the payment amount changed, Defendant failed to remit the additional funds and the loan fell further behind and into default. Defendant has presented no evidence or operative fact to the contrary, thus Defendant's argument fails.

The trial court additionally noted that Ballard had "failed to present any argument regarding his grounds for relief" in support of his motion for relief from judgment. The trial court therefore concluded by finding Ballard's motion must be denied because he "failed to provide any operative facts, a meritorious defense, and any grounds for relief under Civ.R. 60(B) * * *."

**{¶ 5}** On July 5, 2023, Fifth Third moved the trial court for an entry confirming the sheriff's sale of the property and distribution of the sale's proceeds. The following week, on July 12, 2023, Ballard filed a notice of appeal from the trial court's decision denying his Civ.R. 60(B) motion for relief from judgment. That same day, Ballard also filed with the trial court a motion to stay "all judgments," "the findings of the newest judgment order filed on June 12, 2023," and "any other decisions" made by the trial court or by this court in his appeal. The trial court issued an order denying Ballard's motion on October 2, 2023. In so doing, the trial court stated:

> In order for a stay of execution of a judgment pending an appeal, Ohio law requires that a *supersedeas* bond be filed. *See* Ohio Civ. Rule 62[B].[2]

---

2. Civ.R. 62(B) states that, when an appeal is taken, "the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas

- 3 -

> Under Ohio law, the filing of an appeal alone does not operate as a stay of execution unless and until a *supersedeas* bond is executed by the appellant with sufficient sureties in a sum of not less than the cumulative total for all claims covered by the final order, judgment, or decree and interest involved. *See* R.C. 2505.09.
>
> In a foreclosure case, in order to obtain a stay of execution of sale, Defendant is required to post an adequate *supersedeas* bond of not less than the final judgment awarded to Plaintiff, which in this case is $208,016.31, plus interest at the rate of 5% from August 1, 2021 and escrow advances. According to Plaintiff, the interest due in this case is $21,175.50 at a rate of $28.50 per day from August 1, 2021 for a total principal and interest due of $229,191.81.
>
> Accordingly, upon consideration, and as Defendant has not posted any *supersedeas* bond, Defendant's motion must be **DENIED** unless and until Defendant posts a *supersedeas* bond in the full amount of judgment.

There is no dispute that Ballard never posted the necessary supersedeas bond required by Civ.R. 62(B) to stay the execution of the judgment pending his appeal.

**{¶ 6}** On February 7, 2024, Fifth Third again moved the trial court for an entry confirming the sheriff's sale of the property and distribution of the sale's proceeds. The following month, on March 5, 2024, the trial court granted Fifth Third's motion and issued an entry confirming the sale and the distribution of the sale's proceeds. Shortly thereafter, on March 14, 2024, Ballard moved this court for a stay "from all judgment orders" that either already had been issued or would be issued by the trial court in this case. Ballard noted that this included the trial court's June 12, 2023 entry denying his Civ.R. 60(B) motion for relief from judgment, as well as the trial court's March 5, 2024 entry confirming the sheriff's sale of the property. To support his motion, Ballard stated, in pertinent part, the following:

---

bond is approved by the court." Therefore, given the language set forth in Civ.R. 62(B), an appellant may be entitled to a stay of execution of a judgment pending appeal so long as the appellant posts the supersedeas bond in the amount established by the trial court. *Townhouses of Catalpa v. Griffith*, 2023-Ohio-2971, ¶ 9 (2nd Dist.).

The Defendant/Appellant's Motion to Stay is being filed based on multiple grounds. First and foremost, all of the Defendant/Appellant's Constitutional rights have been violated in this case all the way down to due process for a fair hearing. The Defendant/Appellant has never received any against (sic) the Defendant/Appellant. Neither the counsel of Plaintiff/Appellee nor the lower court has given any documentation to the Defendant/Appellant, such as the order filed on June 12, 2023 or the newest one filed on March 5, 2024.

{¶ 7} On April 15, 2024, this court issued an order denying Ballard's motion to stay. In so doing, this court stated:

Upon consideration of the foregoing, the motion for stay is DENIED. Appellant filed a motion to stay the proceedings in the trial court which was denied because he failed to post a supersedeas bond in the full amount of judgment. Appellant has or had the opportunity to stay the judgment appealed from by posting bond. His motion to stay proceedings without posting bond is DENIED.

{¶ 8} On May 13, 2024, this court was to hear oral argument on Ballard's appeal from the trial court's decision denying his Civ.R. 60(B) motion for relief from judgment. However, Ballard, who requested oral argument, did not appear before this court to argue his case. The court heard a brief argument from counsel for Fifth Third, which included an oral motion to dismiss the appeal as moot. Accordingly, this matter having now been submitted to this court for consideration, Ballard's appeal is ripe for review.

{¶ 9} To support his appeal, rather than assignments of error, Ballard raises a variety of bizarre claims seemingly alleging that he is the victim of a grand conspiracy between Fifth Third, the lawyers and the law firm representing Fifth Third, and the trial court and its staff to "literally steal" his property out from under him "for no reason," which "is just wrong." Ballard, who refers to himself an "Indigenous American" with native American heritage, also claims that the trial court was biased against him and subjected him to "discrimination and racism" by allowing Fifth Third to foreclose on his property

without hearing his "side of the story." Within his appellate brief, Ballard claims this constitutes a violation of his "rights of due process, civil rights, constitutional rights, etc."

{¶ 10} However, while Ballard has raised a slew of issues that he would like this court to resolve, App.R. 16(A)(3) plainly required Ballard to set forth assignments of error within his appellate brief. *McLemore v. Clinton Cty. Sheriff's Office*, 2023-Ohio-1604, ¶ 17 (12th Dist.). App.R. 16(A)(7) also required Ballard to include within his brief reasons in support of his assignment(s) of error with citations to authorities, statutes, and parts of the record upon which he relied. *Simpson v. Moreland*, 2024-Ohio-1728, ¶ 12 (12th Dist.). This holds true even though Ballard is appearing before this court pro se. *Shamrock Restoration, LLC v. Muncy*, 2024-Ohio-1002, ¶ 19 (12th Dist.). This is because pro se appellants, even those with limited or even no understanding of the law, are "held to the same obligations and standards set forth in the appellate rules that apply to all litigants." *Sayyay v. O'Farrell*, 2001 Ohio App. LEXIS 1914, *4, fn. 3 (12th Dist. Apr. 30, 2001).

{¶ 11} Ballard's failure to comply with the requirements set forth under Civ.R. 16(A)(3) and (A)(7), standing alone, would be sufficient basis for this court to reject Ballard's appeal and affirm the trial court's decision denying his Civ.R. 60(B) motion for relief from judgment. *See Adena at Miami Bluffs Condominium Owners' Assn., Inc. v. R. Hugh Woodward*, 2021-Ohio-3872, ¶ 23-24 (12th Dist.) (finding appellant "abandoned his wrongful foreclosure claim by making no argument regarding why the trial court erred in dismissing that claim" as required by App.R. 16[A][7]); *Combs & Schaefer v. Hoover*, 1999 Ohio App. LEXIS 3524, *3 (12th Dist. Aug. 2, 1999) ("we cannot properly review an appeal when the appellant has completely failed to state an assignment of error" as required by App.R. 16[A][3]). The language set forth in App.R. 12(A)(2), in fact, specifically states that this court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment

- 6 -

of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." This necessarily includes both Civ.R. 16(A)(3) and (A)(7).

{¶ 12} Nevertheless, in the interest of justice and judicial economy, we note that interspliced within his lengthy and oftentimes confusing conspiratory allegations, Ballard has seemingly raised two "errors" for this court's review. Those being, (1) whether the trial court erred by finding Fifth Third had properly perfected service of process via publication in accordance with Civ.R. 4.4(A)(1), and (2) whether the trial court erred by finding a default had occurred, thereby allowing Fifth Third to move forward with its complaint for foreclosure on the property. But, even before we can address the merits of these two supposed "errors," we must first determine whether Ballard's appeal has been rendered moot now that the trial court has filed an entry confirming the sale of the property and the distribution of the sale's proceeds. This is because, "[g]enerally, appellate courts will not review questions that do not involve 'live controversies,' and therefore an action must be dismissed if a live controversy does not exist." *Wash. Mut. Bank, F.A. v. Wallace*, 2011-Ohio-4147, ¶ 14 (12th Dist.).

{¶ 13} "'In foreclosure cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action.'" *Villas at the Pointe of Settlers Walk Condominium Assn. v. Coffman Dev. Co., Inc.*, 2010-Ohio-2822, ¶ 11 (12th Dist.), quoting *Bankers Trust Co. of California, N.A. v. Tutin*, 2009-Ohio-1333, ¶ 16 (9th Dist.). That is to say, "[v]oluntary satisfaction of a judgment renders an appeal from that judgment moot." *CitiMortgage, Inc. v. Snider*, 2016-Ohio-8111, ¶ 14 (11th Dist.). The judgment is satisfied in a foreclosure case, thus rendering the appellant's appeal moot, "when the property has been sold, the trial court has confirmed the sale, and the proceeds have been distributed." *Ohio Receivers Group*

*v. Damene*, 2023-Ohio-4620, ¶ 16 (1st Dist.). Multiple appellate districts have, in fact, "held that an appeal of a foreclosure is moot once the property is sold and the proceeds are distributed." *PrimeLending, A PlainsCapital Co. v. Milhoan*, 2020-Ohio-3703, ¶ 28 (5th Dist.).

{¶ 14} "A party has acted voluntarily in satisfying a judgment when the party fails to obtain a stay of the trial court's judgment pending appeal." *Art's Rental Equip., Inc. v. Bear Creek Constr., LLC*, 2012-Ohio-5371, ¶ 7 (1st Dist.). This is because "'the mere filing of a notice of appeal from the judgment of the trial court without a stay of execution being issued does not deprive the trial court of authority to enforce its judgment.'" *Atlanta Mtge. & Invest. Corp. v. Sayers*, 2002-Ohio-844, ¶ 6 (11th Dist.), quoting *White v. White*, 50 Ohio App.2d 263 (8th Dist. 1977), paragraph five of the syllabus. In other words, "the mere filing of a notice of appeal does not deprive the trial court of authority to enforce or otherwise take any action that aids in the execution of an appealed judgment." *Alegis Group, L.P. v. Allen*, 2003-Ohio-3501, ¶ 11 (11th Dist.). "Thus, the result of an appellant failing to obtain a stay of the judgment is that the nonappealing party can obtain satisfaction of the judgment despite the pending appeal." *MHN SUB I, LLC v. Donnelly*, 2014-Ohio-4128, ¶ 10 (11th Dist.). "When 'the nonappealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot.'" *Wiest v. Wiegele*, 2006-Ohio-5348, ¶ 12 (1st Dist.), quoting *Hagood v. Gail*, 105 Ohio App.3d 780, 785 (11th Dist. 1995).

{¶ 15} That is exactly what occurred in this case, thereby necessitating Ballard's appeal being dismissed by this court as moot. *See Villas at the Pointe of Settlers Walk*, 2010-Ohio-2822 at ¶ 18 ("the sale and distribution of funds has rendered the matter extinguished through satisfaction of the judgment, and like unpeeling the apple, this court cannot afford relief to the parties in the action"). As noted above, the subject property

was sold at the conclusion of the online sheriff's sale on March 9, 2023 for $241,400. Thereafter, upon Fifth Third's motion, the trial court issued an order confirming the sale of the property and the distribution of the sale's proceeds. The trial court issued this order on March 5, 2024. The fact that the trial court did this after Ballard had filed his notice of appeal from its decision denying his Civ.R. 60(B) motion for relief from judgment is of no consequence. This is because, although Ballard moved both the trial court and this court for a stay pending his appeal, Ballard never obtained that stay due to his failure to post the necessary supersedeas bond as required by Civ.R. 62(B).

{¶ 16} In so holding, we note that the record is devoid of any evidence to indicate Ballard's failure to obtain that bond was the result of anything other than Ballard simply choosing not to rather than suffering from any financial hardship that rendered him unable to do so. Therefore, unlike in the foreclosures cases where our sister districts have reached the merits of the appellants' appeal even though the property in question had been sold and the sales' proceeds distributed, there is nothing to indicate Ballard's failure to obtain a stay in this case was predicated upon his own financial difficulties. *See Ameriquest Mortgage v. Wilson*, 2007-Ohio-2576, ¶ 19 (11th Dist.); and *Chase Manhattan Mtge. Corp. v. Locker*, 2003-Ohio-6665, ¶ 42 (2nd Dist.). Accordingly, because the subject property has been sold, the trial court has confirmed the sale, and the proceeds of the sale have been distributed, the judgment has been satisfied, thereby necessitating Ballard's appeal being dismissed by this court as moot.

{¶ 17} In reaching this decision, we note that even if Ballard's appeal had not been rendered moot, thereby necessitating its dismissal, neither of the two supposed "errors" that Ballard raised within his appellate brief have merit. Rather, just as the trial court found, the record firmly establishes that Fifth Third perfected service of process on Ballard by publication in accordance with Civ.R. 4.4(A)(1). The fact that Ballard may not read the

newspaper in which the notice was published does not mean that Fifth Third did not comply with the requirements of the rule. This includes Fifth Third filing the necessary affidavit with the trial court noting that Ballard's residence was unknown and could not be made known even with reasonable diligence, following which the clerk "cause[d] service of notice to be made by publication in a newspaper of general circulation in the county in which the action or proceeding is filed." Civ.R. 4.4(A)(1). It also does not mean that the newspaper in which the notice was published, Journal-News, a daily newspaper that circulates within Warren County, was not a "newspaper of general circulation" as defined by R.C. 7.12(A). To the extent Ballard claims otherwise, such argument lacks merit.

{¶ 18} Also lacking merit is Ballard's claim that the trial court erred by finding him in default on the note and mortgage attached to the property and held by Fifth Third. This record instead plainly reveals that Ballard had been at least one payment behind for several years prior to when Fifth Third filed its complaint for foreclosure in this case. The record also fully supports the trial court's finding that "[w]hen the payment amount changed, [Ballard] failed to remit the additional funds and the loan fell further behind and into default." It is well established that this court will not reverse a trial court's decision to deny a Civ.R. 60(B) motion for relief from judgment absent an abuse of discretion. *Aurora Loan Servs. v. Brown*, 2010-Ohio-5426, ¶ 34 (12th Dist.). "An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconsciously." *Middletown App., Ltd. v. Singer*, 2019-Ohio-2378, ¶ 12 (12th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). The trial court did not abuse its discretion by denying Ballard's motion for relief from judgment in this case. Therefore, finding no error in the trial court's decision, neither of the two purported "errors" that Ballard raised within his appellate brief have merit. Accordingly, finding no merit to either of the two "errors" raised by Ballard herein, Ballard's

appeal would still be denied even if his appeal had not otherwise been rendered moot, thereby necessitating its dismissal.[3]

**{¶ 19}** Appeal dismissed.

PIPER and BYRNE, JJ., concur.

---

3. On March 14, 2024, Ballard moved this court to impose sanctions on the law firm representing Fifth Third in this appeal, and "every legal counsel of said firm that had handled the entirety of the case" now before this court, for "lying" and "misrepresenting the character and falsifying things about" within its appellate brief. Loc.App.R. 25(A) allows for sanctions to be imposed upon "the person who signed the appeal, original action or motion, a represented party, or both" where this court "determines that an appeal, original action or motion is frivolous or prosecuted for the purpose of delay, harassment, or other improper purpose * * *." We find nothing within Fifth Third's appellate brief that would necessitate sanctions being imposed in this case as Fifth Third's allegations and assertions set forth therein are fully supported by the record. Therefore, Ballard's motion for sanctions is without merit and denied.